MARGARET H. LAMARSH *vs.* SCHOOL COMMITTEE OF CHICOPEE.

Hampden. September 19, 1929. — June 30, 1930.

Present: RUGG, C.J., PIERCE, SANDERSON, & FIELD, JJ.

*School and School Committee,* What constitutes teacher. *Civil Service.*

A finding by a single justice, who heard a petition for a writ of mandamus directing reinstatement of the petitioner, after her discharge in December, 1926, "to her former position as a teacher in the public schools of . . . [a certain city] and as an assistant to the principal of the high school," that the petitioner never became a teacher upon tenure in the schools and that her employment, at least since May 8, 1923, had been in a clerical position as assistant to the principal of the high school, was warranted where it appeared that she had been elected in December, 1920, as "general substitute teacher in the commercial department of the high school and general assistant for the principal"; that her last election was in May, 1923, as assistant to the principal; that she never had done the work of a teacher except that on a few occasions during the first two and one half years she had substituted for absent teachers, and that during the rest of that period and during the entire remaining three years and something more than six months of her service, she had performed clerical work exclusively.

It was proper to rule, upon the facts above stated, that the petitioner was not entitled to have the formalities of G. L. c. 71, § 42, as amended, observed in her discharge, and to deny the petition.

PETITION, filed in the Supreme Judicial Court for the county of Hampden on January 14, 1927, and described in the opinion, for a writ of mandamus.

The petition was heard by *Wait*, J. Material evidence,

and findings and rulings by the single justice are stated in the opinion. The petition was denied. The petitioner alleged exceptions.

The case was submitted on briefs.

*D. E. Webster*, for the petitioner.

*C. R. Clason*, for the respondents.

RUGG, C.J. This is a petition for a writ of mandamus whereby is sought reinstatement of the petitioner "to her former position as a teacher in the public schools of the city of Chicopee and as an assistant to the principal of the high school." The pertinent facts are these: The petitioner was elected on December 30, 1920, as "general substitute teacher in the commercial department of the high school and general assistant for the principal." She accepted this election and began work on January 3, 1921, occupying a room where no classes were taught adjacent to that of the principal, for whom she did clerical work during the entire term of her service. The evidence was conflicting as to the amount of teaching done by her. The finding is that she did some actual teaching and such as the principal requested of her, that she taught not more than twelve days from January to June, 1921, substituted for absent teachers during the two school years following an unknown number of times, and did no teaching as substitute or otherwise during the remainder of her service. The city of Chicopee has been subject to the civil service laws since 1891 and the petitioner never took the civil service examination although the principal stated to her shortly after she commenced work that eventually the position she then held would be classified under the civil service. The petitioner was a member of teachers' retirement association until June 18, 1926, and up to that date but not afterwards deductions were made from her salary for the retirement fund. Her hours were different from those of any teacher; she worked Saturdays and during vacations except for three weeks during the summer allotted to her as vacation, and she received her pay in different instalments from teachers. At the time when the petitioner began her service there was no vacancy on

the teaching staff of the high school and, although changes in it were made in September, 1922, September, 1923, and November, 1924, the petitioner made no request to be assigned to these teaching positions. In January, 1926, she made application to the Chicopee school department for a position as teacher. On some of the records and lists and in some of the letters and returns of the school committee, the petitioner was described as teacher, and in others her name was omitted from the list of teachers. She was discharged in December, 1926. The designation of her position in the record of her last election, which was in May, 1923, was assistant to the principal. At that time she had been employed by the city for not more than two and one half years, and at the beginning of the school year in the September following, for not more than two and two thirds calendar years. Prior to her last election she had never served as a regular teacher in Chicopee at any time and had substituted for absent teachers on only a few occasions; and after her last election she never served as a regular teacher or substituted for any absent teachers, but has done clerical work alone. At no time has she been elected to any position by the respondent committee after having served as a teacher in the public schools of Chicopee for three previous consecutive school years. The position of assistant to the principal in the high school to which she was last elected, in May, 1923, was a clerical position, classified under and subject to civil service rules as provided in G. L. c. 31.

The single justice refused the petitioner's request for a finding and ruling that upon these facts she was duly elected and served as a teacher in the public schools of Chicopee for three successive years and by reason thereof came under the protecting provisions of G. L. c. 71. He found upon the evidence that the petitioner never became a teacher upon tenure in the schools of Chicopee; that her employment, at least since May 8, 1923, has been in a clerical position as assistant to the principal of the high school; and ruled that she was not entitled to discharge in accordance with G. L. c. 71, § 42, as amended, and

denied the petition. The petitioner's exceptions to these rulings and findings bring the case here.

Whether the petitioner was a teacher in public schools of Chicopee during the period of her employment was largely a question of fact. The finding is against her on this point so far as it is a question of fact. This cannot be pronounced erroneous as matter of law. The dominating features of the case are (1) that she has never done the work of a teacher except that on a few occasions during the first two and one half years she substituted for absent teachers, and (2) that during the rest of that period and during the entire remaining three years and something more than six months of her service, she performed clerical work exclusively. The character of the labor performed is highly important in determining the precise position held when that is not definitely established by official records. It is not necessary to narrate in detail the public records and actions by school officials concerning the petitioner. There is some looseness of expression in the school records and correspondence. There are indications of carelessness and inaccuracy in keeping the records and making returns. There are inconsistencies, whichever view is taken, whether the petitioner be regarded as a teacher in the schools or as holding a clerical position in the civil service. Certain officers failed to do what ought to have been done on either theory. There are some phrases and returns having a considerable tendency to indicate that in some respects the petitioner was classified as a teacher. It is manifest that as matter of practical administration of schools she did not do the work of a teacher. There are no votes or records inexorably binding the city to the proposition that she is a teacher. It would serve no useful purpose to narrate in detail the recitals concerning the petitioner on the public records, in school returns, and in correspondence, and balance nicely those on the one side against those on the other side. A painstaking examination of the entire record convinces us that the general finding of fact adverse to the petitioner is consistent with a permissible view of all

the evidence and cannot be reversed. That finding must stand if supported by any reasonable interpretation of the evidence and facts, including the inferences of which they are rationally susceptible, and not in contravention of positive and compelling records. *Andrews* v. *Board of Registrars of Voters*, 246 Mass. 572, 576. The finding has strong support in the terms of the last election of the petitioner in May, 1923, which indicated a clerical and not a teaching position, and in the nature of the work performed by the petitioner.

Accepting the finding as true in the light of all the evidence, there was no error in denying the petitioner's request for ruling. Manifestly, if she was not a teacher but performing the work of a clerk, she was not entitled to discharge in accordance with the statute governing the discharge of teachers.

*Exceptions overruled.*