MARJORIE E. FRYE *vs.* SCHOOL COMMITTEE OF LEICESTER.

Worcester.   December 9, 1937. — June 28, 1938.

Present: FIELD, LUMMUS, QUA, & COX, JJ.

*School and School Committee.*

A teacher who actually served in a public school for three consecutive school years and was elected for further service shortly before the end of the third year acquired the status of employment "at . . . discretion" under G. L. (Ter. Ed.) c. 71, § 41.

The facts, that for a few months during continuous and substantial employment as a teacher in a public school for three consecutive school years, the employment was "as part time teacher" and "on a pro rata salary of $750 to a full time teacher," did not prevent his further service after the three years being "at . . . discretion" under G. L. (Ter. Ed.) c. 71, § 41.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Worcester on August 25, 1937.

The case was reported, without decision, by *Donahue,* J.

*F. P. McKeon,* for the petitioner.

*T. F. Larkin,* for the respondent.

QUA, J.   The petitioner seeks reinstatement to her position as a teacher in the public high school in Leicester. If she had acquired the status of a teacher employed "at discretion" she could be dismissed only in accordance with G. L. (Ter. Ed.) c. 71, § 42, as amended by St. 1934, c. 123, the provisions of which were not observed.   The issue depends upon whether or not she had acquired that status.

Section 41 provides, in so far as here material, that the school committee "in electing a teacher . . . who has served in its public schools for the three previous consecutive school years . . . shall employ him to serve at

its discretion; but any school committee may elect a teacher who has served in its schools for not less than one school year to serve at such discretion." There are explicit findings by the auditor as follows: Each school year began in September and ended the next June. The petitioner began her work in September, 1933, at the beginning of the school year 1933–1934 and taught regularly organized classes for three of the seven daily periods during that entire school year. She also had charge of a room during a study period and did some additional teaching as directed. She was reëlected for the years 1934–1935, 1935–1936, and 1936–1937. "So far as it is a question of fact," she had been a regular member of the high school faculty from September, 1933, until the end of the school year 1936–1937, and taught regular classes for three consecutive school years prior to her election in May of 1936.

These findings make it plain that the petitioner had qualified to serve "at discretion" under the statute, and that it was mandatory upon the committee to classify her among the teachers so serving (*Paquette* v. *Fall River*, 278 Mass. 172, 174), unless the respondents are entitled to prevail upon one or more of their contentions hereinafter discussed.

The respondents contend that because the last election of the petitioner by the school committee took place on May 6, 1936, before the final expiration of her third school year, she had not served "for the three previous consecutive school years" as required by the statute. This construction assumes that tenure at discretion cannot begin until there has been a formal election which must take place after the complete expiration of the three consecutive school years. The literal wording of the statute has some tendency to support this view. But a strictly literal construction of a statute is not necessarily to be adopted if the result of adopting it will be to thwart or hamper the accomplishment of the obvious purpose of the act and if another interpretation which will not have such effect is possible. *Fickett* v. *Boston Firemen's Relief Fund*, 220 Mass. 319, 320. The clear purpose of G. L. (Ter. Ed.) c. 71, § 41, is to pro-

vide some degree of protection for the tenure of teachers who have served a probationary term of three consecutive school years and who are continued in employment thereafter. Doubtless its phraseology was influenced by the practice of electing teachers during the period intervening between the end of one school year and the beginning of the next. It could not have been intended that a school board could in substance lengthen the three-year period of the statute into a four-year period by holding its election of teachers on the last day of a school year instead of on the day following. Another consequence of the suggested construction under those circumstances would be that the last school year during which the teacher served immediately before going upon tenure at discretion could not be counted at all as one of the "three previous consecutive school years" mentioned in the statute. It would be a strange anomaly if the "three previous consecutive school years" could thus be made to mean the fourth, third and second school years before going on tenure and to exclude the first school year immediately preceding the going on tenure, during which year perhaps the teacher might not have served at all. There might be other difficulties, if the time between the election and actual service in pursuance of it should be still further lengthened. It seems to us that the words "has served" and "previous" do not refer to the precise time of holding the new election, but that they refer to the time of the beginning of service under that election, and that the dominant words are those of the mandate, "shall employ . . . to serve at . . . discretion." We think, therefore, that a teacher must be deemed on tenure at discretion when he has actually served three consecutive school years and has been elected for further service, even though the election takes place before the expiration of the last of the three consecutive years.

Next it is contended that because the original vote to employ the petitioner, passed on September 9, 1933, was "as part time teacher . . . on a pro rata salary of $750.00 to a full time teacher," and because she was not elected as "a regular teacher" until the following March, the time

from September until March cannot be included as a part of the three consecutive school years. The answer to this is that the statute recognizes no separate classification of "part time" teachers. The sole test mentioned in the statute is service "for the three previous consecutive school years." We are not here called upon to consider what might be the bearing of long or repeated absences from work or of employment of a merely casual nature, as the findings show continuous employment of a substantial character under the direction of the superintendent and of the committee for the entire period. See *O'Brien* v. *Inspector of Buildings of Lowell,* 261 Mass. 351.

Finally, it is contended that before her election in March, 1934, the petitioner served in violation of law because she received compensation at a lower rate than that established by G. L. (Ter. Ed.) c. 71, § 40. But the original vote in September, 1933, provided for compensation for actual working time at the statutory rate. If thereafter she did not receive as much money as the time during which she worked would entitle her to receive, she did not for that reason cease to hold the position of teacher and to serve as such within the meaning of the statute.

A peremptory writ of mandamus is to issue restoring the petitioner to her position as teacher.

*So ordered.*