## LUCILLE GAUSEMEL v. CITY OF ST. PAUL.[1]

May 24, 1940.

No. 32,353.

*Tucker & Tucker,* for appellant.
*John W. McConneloug* and *H. J. Flynn,* for respondent.

PER CURIAM.

Plaintiff's suit to have the court declare her to be entitled to a permanent status as a teacher in the public school system of St. Paul, and for salary from September 1, 1938, to the date of commencement of her suit (she performed no service during the school year 1938-1939, not having been reëmployed for that year)

[1]Reported in 292 N. W. 202.

met with adverse findings, the cause having been tried to the court without a jury. Her motion for new trial was denied, and she appeals. She was graduated from St. Cloud Teachers' College in 1934. Prior thereto she had communicated with Mr. Pearce of the department of education of defendant requesting employment as a teacher. She was informed that there was no position available. It was suggested, however, that if she so desired she could place her name on the list of "casual substitute teachers" and that she would be offered substitute work as occasion might require and as need therefor arose. The substitute teachers' list then included several hundred names, many of them young teachers who were seeking substitute work, others married women who had been teachers and who were willing to accept a few days' employment throughout the school year as such substitutes. Pursuant to this rather loose arrangement, she taught 63 days during the school year 1934-1935 out of a total of 170 days. In each of the months of November, 1934, and January, 1935, she taught only one day; in June, 1935, two days; and in December, 1934, four days. The longest service was in March, 1935, 13 days. The court found that there was no promise made by defendant of any definite amount of work available as a substitute, nor was there any requirement that plaintiff should hold herself in readiness to accept substitute work when offered. Neither was there any penalty to be imposed if she were called and was unable to attend and no provision which prevented her from securing other teaching work whenever such might be available. There was no written contract or other arrangement than as related between the parties.

"Whatever arrangement existed between the several hundred persons on the substitute list and the City of Saint Paul was one of convenience and contained no contract binding upon either party.

\* \* \* \* \*

"In the fall of 1935, plaintiff entered into a written contract with the City of Saint Paul, under which she was employed as

an assigned substitute for practically the entire school year, with the exception of some few days; again, in the fall of 1936 a similar written contract was entered into, under which she taught as an assigned substitute during the school year 1936-1937, and in the fall of 1937 a similar contract was entered into under which she taught for the school year 1937-1938. She was not reëmployed in the fall of 1938, and has not been reëmployed to date."

For reversal she places chief reliance upon Hosford v. Board of Education, 201 Minn. 1, 275 N. W. 81, and McSherry v. City of St. Paul, 202 Minn. 102, 277 N. W. 541. As will be seen, neither case fits plaintiff's factual situation for she was not a "person regularly employed" during the necessarily determinative teaching period of 1934-1935, 1 Mason Minn. St. 1927, § 2935-1, nor was she "reëmployed" at the end of the three-year "probationary period." Id. § 2935-5. Realizing this difficulty, she sought amended findings. It is claimed that the record compels findings of facts to be as she claims them. A thorough review of the record leaves no doubt that not only was the court justified in making the findings it did but that any finding to the contrary would be difficult, if not impossible, to sustain.

The court rightly disposed of the case, hence its order is affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.