GEORGE E. BRODIE, JR. *vs.* SCHOOL COMMITTEE OF EASTON.

Bristol.     January 21, 1975. — March 24, 1975.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*School and School Committee.*

A teacher who was employed as a substitute for eleven days and as a regular teacher for 136 days during a school year of 182 days and was thereafter employed as a regular teacher during the following two school years had not served "for the three previous consecutive school years" under G. L. c. 71, § 41, when he was employed full time for the fourth year and therefore he had not acquired tenure under the statute. [142-144]

PETITION for a writ of mandamus filed in the Superior Court on September 10, 1973.

The case was heard by *Ford,* J.

*Richard A. Howard* for the defendant.

*Jeffrey M. Freedman* for the plaintiff.

ARMSTRONG, J.   This is a petition for a writ of mandamus to compel the School Committee of Easton (committee) to reinstate the petitioner to the position of teacher in the Easton public schools and to compensate him for all wages and fringe benefits lost on account of the termination of his employment. The case is before us on the com-

mittee's appeal under G. L. c. 213, § 1D (as in effect prior to St. 1973, c. 1114, § 60), from an order for judgment in favor of the petitioner, and on the committee's exceptions to the denial of certain of its requests for rulings.

The principal issue presented by the appeal is whether the petitioner, at the time the committee refused to renew his employment for the 1973-1974 school year, had acquired tenure at discretion under G. L. c. 71, § 41 (as amended through St. 1956, c. 132, § 1)[1] and § 42 (as amended through St. 1970, c. 388, § 1).[2] If he had acquired such tenure, the committee could dismiss him only by complying with the procedural requirements of § 42, which were not observed.

The parties stipulated facts which are dispositive of the appeal. The petitioner was first employed by the Easton schools between September 1, 1969, and November 10, 1969, as a substitute teacher. During that time he taught for eleven days, filling in for absent teachers. On November 10, 1969, the petitioner was appointed a full time teacher and served as such for the remainder of the 1969-1970 school year. During that year, the petitioner was employed for a total of 147 days, eleven days as a substitute teacher and 136 days as a regular teacher. The full 1969-1970 year was 182 days. The petitioner was thereafter employed by the committee as a regular teacher during the 1970-1971, 1971-1972, and 1972-1973 school years. On April 10, 1973, the petitioner was notified that the committee would not renew his teacher's contract for the 1973-1974 school year.

On these facts it cannot be concluded that the petitioner, when hired for the 1972-1973 school year, had served "for the three previous consecutive school years" so as to acquire tenure under § 41.

---

[1] "Every school committee, in electing a teacher ... who has served in its public schools for the three previous consecutive school years ... shall employ him to serve at its discretion. ..."

[2] "[A] teacher ... employed at discretion under ... [§ 41] shall not be dismissed, except for inefficiency, incapacity, conduct unbecoming a teacher ... insubordination or other good cause, nor unless ... [various procedural requirements have been followed]."

It has never been decided whether tenure under § 41 can be attained through substantially full time employment as a substitute teacher. See *Nester* v. *School Comm. of Fall River*, 318 Mass. 538, 541-542 (1945). In that case the court did hold, however, that "the phrase 'served ... for the three previous consecutive school years' in § 41 signifies a continuity of service for that period and is not satisfied by intermittent and irregular service as a substitute." 318 Mass. at 542. The petitioner's eleven days of substitute teaching during the period September 1, 1969, to November 10, 1969, cannot be characterized as more than "intermittent and irregular service." The petitioner's 136 days of full time service for the remainder of the 1969-1970 school year occupied "a substantial period of time in ... [that year], but it was considerably less than the period comprising a normal school year and does not in our opinion constitute the regular and continuous employment that the statute contemplates." *Nester* v. *School Comm. of Fall River, id.* at 542.

We do not agree with the petitioner's contention that this case is governed by *Ryan* v. *Superintendent of Schools of Quincy*, 363 Mass. 731 (1973), and *Frye* v. *School Comm. of Leicester*, 300 Mass. 537 (1938), both of which held that tenure under § 41 can be attained through part-time employment of a regular and continuous nature for the requisite period. In the *Frye* case, the teacher who was held to have attained tenure had been hired, during the first of the three probationary years, to teach three periods out of seven each day. The court stated that "the statute recognizes no separate classification of 'part time' teachers. ... [T]he findings show continuous employment of a substantial character ... *for the entire period.*" 300 Mass. at 540 (emphasis supplied). The plaintiff in the *Ryan* case, although called a "permanent substitute teacher," was in fact a permanent part-time teacher hired to teach a specified number of days each week for eleven entire school years. The *Ryan* case (at 738-739) delineates and reaffirms the distinction between regular part-time service, such as that in the *Frye* case, and irregular intermittent service,

such as that in the *Nester* case. The latter governs the facts in the case before us.

In view of the outcome of the appeal, the committee's bill of exceptions is deemed waived. The order for judgment is reversed, and the petition is to be dismissed.

*So ordered.*