JENNIFER L. WOODWARD *vs*. SCHOOL COMMITTEE
OF SHARON.

Norfolk.    Jauary 11, 1977. — February 7, 1977.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*School and School Committee,* Dismissal of tenured personnel.

A school librarian who worked 181 of 182 days in a school year and
    was hired for the subsequent three school years acquired tenure
    under the provisions of G. L. c. 71, § 41. [85-88]
Elimination of a tenured school librarian's position by a vote of the
    school committee without an offer of other employment in the school
    system constituted dismissal for the purposes of G. L. c. 71, § 42,
    and the committee's failure to comply with the procedural provi-
    sions of § 42 entitled the librarian to damages. [88]
Where a tenured school librarian was dismissed in violation of the
    provisions of G. L. c. 71, § 42, but there was some evidence that she
    was subsequently able to secure other employment as a librarian
    and where the trial judge did not take evidence on mitigation of
    damages, the case was remanded for further hearing on the ques-
    tion. [89]

PETITION for a writ of mandamus filed in the Superior
Court on September 21, 1973.
    The case was heard by *Connolly,* J., on a master's report.
    *Gerald F. Lucey* for the defendant.
    *Jeffrey M. Freedman* for the plaintiff.

GRANT, J.    This is a petition for a writ of mandamus[1]
by which the plaintiff, a certificated school librarian (G. L.
c. 71, §§ 38G and 38H) claiming to be entitled to the
benefits of the tenure provisions of G. L. c. 71, § 41, seeks
reinstatement as a librarian in the Sharon public school
system, and damages. The case was referred to a master

---

[1] See now G. L. c. 249, § 5, as appearing in St. 1973, c. 1114, § 291;
Mass.R.Civ.P. 81(b), 365 Mass. 841 (1974); *Del Duca* v. *Town Ad-
ministrator of Methuen,* 368 Mass. 1, 2, n. 2 (1975).

under an order of reference which did not require him to report any evidence except as Rule 49, § 7, of the Superior Court (1974) might apply.[2] The master filed a report in which, based on his subsidiary findings, he made an ultimate "finding" that the plaintiff "is not entitled to tenure." On the objections and motion of the plaintiff, the judge ordered the report recommitted to the master for further subsidiary findings on certain critical points. The master complied. The judge adopted the original and further subsidiary findings of the master, rejected the aforementioned ultimate finding of the master (see *Wormstead* v. *Town Manager of Saugus,* 366 Mass. 659, 660 [1975]), and entered a judgment which: (1) declared that the plaintiff had been serving on tenure as a librarian at the critical point in time; (2) declared that the school committee (committee) had not complied with the provisions of G. L. c. 71, § 42; and (3) ordered that the plaintiff be reinstated with back pay, all fringe benefits and interest. The committee has appealed from the judgment and from the denial of a motion subsequently filed by it under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974).[3]

1. We quote from or summarize the original and further subsidiary findings[4] made by the master and adopted by the judge which we consider relevant to the question whether the plaintiff is entitled to the benefits of tenure as a school librarian under the provisions of G. L. c. 71, §§ 38H (inserted by St. 1965, c. 276)[5] and 41 (as appear-

---

[2] See *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 183-190 (1976); *Jones* v. *Wayland,* 4 Mass. App. Ct. 725, 726-729 (1976).

[3] A third appeal, from the denial of another subsequent motion, was waived at the argument before us.

[4] We are of the opinion that such inconsistencies as there may have been between and among the relevant original subsidiary findings of the master were effectively eliminated by his further specific findings.

[5] "Every school librarian ... *appointed* by a school committee shall acquire tenure in the school system of the city or town in which he is *employed* subject to the provisions of section forty-one, relating to tenure for teachers, and of sections forty-two and forty-three A, relating to dismissal, suspension and discharge and of appeals therefrom" (emphasis supplied).

ing in St. 1972, c. 464, § 1).[6] See *Frye* v. *School Comm. of Leicester,* 300 Mass. 537, 539 (1938).

The plaintiff was "appointed by the ... [committee] for the 1969-1970 school year" and "was employed as a library assistant at the Sharon Senior High School for" that year. "Her salary was to be at the rate of $25.00 per day for each day worked." She worked 181 of the 182 days in that school year. "During the school year 1969-1970, she worked at the high school library with Miss Marion Clark, the librarian." The plaintiff was "hired by the ... [committee] as a librarian at the senior high school for the school year 1970-1971. Her salary was $8,400.00 per year. ... Her duties were the same as during the prior year. For the school year 1971-1972, the ... [plaintiff] worked as a librarian at the high school at an annual salary of $9,555.00. ... Her duties were unchanged from the previous two years. ... [F]or the school year 1972-1973, the ... [plaintiff] worked as a librarian at the high school. Her salary was $10,430.00 per year. During this period her duties were the same as in previous years." Some time early in April, 1973, the plaintiff's "position" was "terminated," or "eliminated," by vote of the committee "for budgetary purposes." Prior to April 15 the plaintiff was notified in writing by the superintendent of schools that "because of the ... [committee's] vote, she would not be rehired for the school year of 1973-1974."[7]

We say first that we think the committee attaches too much significance to the titles "library assistant" and "li-

---

[6] "Every school committee, in *electing* a teacher, who has served in its public schools for the three previous consecutive school years shall *employ* him to serve at its discretion ... A teacher not serving at discretion shall be notified in writing on or before April fifteenth whenever such person is not to be *employed* for the following school year. Unless said notice is given as herein provided, a teacher not serving at discretion shall be deemed to be *appointed* for the following school year" (emphasis supplied).

[7] The case was decided and has been argued on the basis that the vote was taken in good faith. There is no question but that the plaintiff's work was satisfactory.

brarian" which were assigned to the plaintiff's position in the school year 1969-1970 and the school years 1970 through 1973, respectively, in view of the master's finding that during the first year "the [p]laintiff's duties did not differ from those of Miss Clark," who was described by the master as "the librarian." It is "[t]he character of the labor performed [which] is ... important in determining the precise position held when [as here] that is not definitely established by official records." *LaMarsh* v. *School Comm. of Chicopee*, 272 Mass. 15, 18 (1930).

Nor do we see any significance in the master's indiscriminate use of variations of the words "appoint," "employ" and "hire" in describing the source of the relationship between the parties in the various school years. None of those words appears to have been used advisedly, and variations of two of those words (as well as the word "elect") appear to have been used more or less interchangeably in G. L. c. 71, §§ 38H and 41 (nn. 5 and 6, *supra*), without affecting the sense of either section.

The committee points to the finding that the plaintiff was "appointed by the ... [committee] for the 1969-1970 school year," points to the use of that word in § 38H (n. 5, *supra*), and urges the absence of any finding that the plaintiff was "appointed" by the committee in any of the subsequent school years. See and compare *Nester* v. *School Comm. of Fall River*, 318 Mass. 538, 543 (1945). See also *Demers* v. *School Comm. of Worcester*, 329 Mass. 370, 372-373 (1952). The argument overlooks the finding that the plaintiff was "hired by the [committee] ... for the school year 1970-1971." It also overlooks the finding that the superintendent of schools advised the plaintiff that she "would not be rehired for the school year of 1973-1974" because of the committee's vote to terminate or eliminate the plaintiff's "position." We are not prepared to assume that the committee was unaware of the $19,985 spent on the plaintiff's salary during the school years 1971 through 1973; indeed, the expense of her salary was the reason for eliminating the plaintiff's position. We think it would be

wrong to infer that the plaintiff's engagement in those years had been effected only by the superintendent or some lesser functionary.

On the reasoning that things equal to the same thing are equal to each other, the master must be taken to have found that the plaintiff's duties were the same in all four school years. Her work was performed in the same place in all four years. The only remaining question of any substance is whether the school year 1969-1970 can be counted for the purpose of determining tenure. Looking to the "substance of the relationship between the [parties]" (*Ryan* v. *Superintendent of Schs. of Quincy*, 363 Mass. 731, 740 [1973]) and considering the fact that the plaintiff worked 181 of the 182 school days of the year 1969-1970, we conclude (A) that the plaintiff's service during that year was "regular and continuous" (*Nester* v. *School Comm. of Fall River*, 318 Mass. at 542-543) rather than "intermittent and irregular" (*Nester* case, at 542; *Brodie* v. *School Comm. of Easton*, 3 Mass. App. Ct. 141, 143 [1975]) and (B) that the plaintiff had the benefits of tenure when her position was abolished in April of 1973.

2. So far as appears, the vote of April, 1973, did not assign or offer to assign the plaintiff to any other duties;[8] it plainly cut her salary to zero. There was no compliance with any of the procedural provisions of G. L. c. 71, § 42, relating to the dismissal of tenured teachers. The master found, in so far as it was a question of fact, that the "[p]laintiff was not dismissed by the" committee within the meaning of or for the purposes of § 42. The judge ruled, in effect, that the vote was invalid by reason of the committee's failure to comply with § 42. We hold, on the authority of *Nutter* v. *School Comm. of Lowell*, decided this day, *ante*, 77, 80-82 (1977), that the judge was right, that the plaintiff was dismissed in violation of the requirements of § 42, and that the judgment was correct in ordering that the plaintiff be compensated in damages.

---

[8] In addition to her qualifications as a librarian, the plaintiff was also certificated under G. L. c. 71, § 38G, as an elementary school teacher.

3. We think, however, that the committee is entitled to a further hearing in the Superior Court on the issue of mitigation of damages. See *Black* v. *School Comm. of Malden,* 365 Mass. 197, 211-214 (1974), *S. C.* 369 Mass. 657, 659-663 (1976). It is asserted in the committee's brief, and not denied in the plaintiff's brief, that there was evidence adduced before the master to the effect that the plaintiff was able to secure other employment as a librarian for some portion of the period subsequent to the conclusion of the school year 1972-1973. The master understandably ignored such evidence in his report because he came to the ultimate conclusion that the plaintiff was not tenured. The judge correctly reached a different ultimate conclusion on that point, but he took no evidence on the question of mitigation of damages (see Mass.R.Civ.P. 53[e][2], 365 Mass. 820 [1974]) and does not appear to have given any consideration to the question. Accordingly, the matter is to stand for further hearing by the court on the question of damages for the entire period from the conclusion of the school year 1972-1973 until such time as the plaintiff may be lawfully dismissed under and in accordance with the requirements of G. L. c. 71, § 42. See and compare *Nutter* v. *School Comm. of Lowell, supra* at 82-83.

4. The relevant docket entries disclose that the committee has also appealed from the judge's denial of its motion for relief from judgment (Mass.R.Civ.P. 60[b]), filed some four months after the entry of judgment. Neither the motion nor its supporting affidavit has been reproduced in the appendix or in a supplemental appendix. See *Haddad* v. *Board of Appeals of Medford,* 4 Mass. App. Ct. 843 (1976), and cases cited. So far as we can tell from the committee's brief, the motion did not raise any question not already considered in this opinion. We see no abuse of discretion in the denial of the motion.

The order denying the motion for relief from judgment is affirmed. The judgment is vacated, and the case is remanded to the Superior Court for the further proceedings required by this opinion and for the entry of a new final judgment which is otherwise consistent with this opinion.

The plaintiff is to have costs of appeal, within the limitation imposed by G. L. c. 71, § 43B.

*So ordered.*