Benjamin F. Dimlich *vs.* School Committee of
Andover.

Essex.    May 9, 1962. — June 29, 1962.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter,
& Spiegel, JJ.

*School and School Committee.*

A submaster of a public high school which was in charge of a supervising
headmaster in whom the authority and responsibility of a principal
were vested was not a "professional employee performing the duties of
a principal or a supervisor" within G. L. c. 71, § 42A, although he, the
submaster, "performed many of the duties of a principal."   [646]

One, who was appointed and served as acting principal of a public high
school for one school year and, after an interval of several years of
service in a subordinate position in that school, was again appointed
and served as principal for three consecutive school years, had not
served . . . for over three years" in the position of principal within
G. L. c. 71, § 42A, and had not acquired tenure in that position for
the purposes of § 42A, and might be demoted without compliance with
the procedures prescribed thereby.   [646]

Where the principal of a public high school had not acquired tenure in
that position under G. L. c. 71, § 42A, his salary as principal was not
protected by § 43 against reduction when he was demoted to a sub-
ordinate position.   [646–647]

Bill in equity filed in the Superior Court on June 10,
1960.

The suit was heard by *Meagher,* J.

*Frederic S. O'Brien* for the defendant.

*Frederick G. Fisher, Jr.* for the plaintiff.

Spiegel, J.    The plaintiff brings this bill in equity under
G. L. c. 231A seeking a determination of his rights and
status within the public school system of the town of An-
dover.   The defendant appealed from a decree favorable
to the plaintiff.   The evidence is reported.

The pertinent evidence is herewith summarized.   The
plaintiff became a teacher in the Andover Junior High
School in 1936.   After the sudden resignation of the prin-

cipal in 1949, the plaintiff was appointed acting principal of the junior high school. At this time and until 1957, the junior and senior high schools were housed in the same plant. In 1950, a single headmaster was elected to supervise both schools and the plaintiff became teaching submaster of the junior high school, which position he held until 1957. In that year the senior high school was moved to a new building some distance away and the junior high school took over all the facilities formerly used by both schools.

The plaintiff was elected principal of the junior high school in April, 1957, and served in that capacity for the school years 1957 to 1958, 1958 to 1959, and 1959 to 1960. His salary for the last period was $6,700. At a meeting of the school committee on March 22, 1960, the plaintiff was not reëlected as principal of the junior high school. He subsequently was assigned to the position of assistant principal and teacher in the high school at a salary of $6,300, which position he accepted without prejudice. One Soderbergh was elected to succeed the plaintiff as principal of the junior high school with a salary of $7,200 per year.

During the period from 1950 to 1957 when the plaintiff was teaching submaster in the junior high school, he performed most of the same duties he had performed during the 1949 to 1950 period when he was acting principal. However, while he was submaster, he discussed problems of interest to the junior high school with the headmaster who had final responsibility. The headmaster initiated the master schedule which included teachers in both schools. He also signed official documents; made the final decision regarding the curriculum which thereafter was submitted to the superintendent; handled serious disciplinary problems; reviewed report cards and made the final decision on promotion or nonpromotion; and made recommendations regarding the placing of teachers on tenure and the hiring of new teachers.

The judge made the following findings. The plaintiff was "the principal of Andover Junior High School . . .

from September, 1949, to June of 1950." He was the "assistant principal, or submaster" of the said school from June, 1950, to July 1, 1957. During this latter period he "performed many of the duties of a principal," but "there was in fact a principal of both the junior and senior high schools" in whom "the final responsibility and title were vested." The plaintiff "was the principal and performed the duties of principal and was elected principal by the school committee" for the periods of July 1, 1957, to July 1, 1958; July 1, 1958, to July 1, 1959; and July 1, 1959, to July 1, 1960. The plaintiff "has served in the position of principal of the Andover Junior High School and performed the duties in connection with that position for more than three years."

The judge concluded that the failure to reappoint the plaintiff as principal constituted a demotion; that this demotion was in violation of G. L. c. 71, § 42A (as amended through St. 1953, c. 269),[1] since no written charges had been furnished, no notice given or hearing conducted; and that his reduction in salary from $6,700 to $6,300 was in violation of G. L. c. 71, § 43.[2]

A decree was entered in which it was adjudged that the plaintiff "is entitled to be restored to his position as principal of the Andover Junior High School and to be paid the sum of $400 plus interest being the difference between the

[1] "No principal or supervisor or professional employee performing the duties of a principal or a supervisor, by whatever title his position may be known, who has served in that position for over three years shall without his consent be demoted except for inefficiency, incapacity, unbecoming conduct, insubordination or other good cause; nor unless, at least thirty days, exclusive of customary vacation periods, prior to the meeting at which the vote is to be taken, he shall have been notified of such intended vote; nor unless, if he so requests, he shall have been furnished by the committee with a written charge or charges of the cause or causes for which his demotion is proposed; nor unless, if he so requests, he has been given a hearing before the school committee, which may be either public or private at the discretion of the school committee, and at which he may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them; nor unless the charge or charges shall have been substantiated; nor unless the superintendent shall have given the committee his recommendations thereon."

[2] General Laws c. 71, § 43, provides in pertinent part that "[t]he salary of no teacher employed in any town . . . to serve at discretion shall be reduced without his consent except by a general salary revision affecting equally all teachers of the same salary grade in the town."

salary which he received as principal of the Andover Junior High School for the year ending June 30, 1960, and the salary which he received as teacher and assistant principal of the Andover High School for the year ending June 30, 1961.''

The plaintiff's service from 1950 to 1957 as submaster cannot be deemed the performance of ''the duties of a principal or a supervisor'' within the meaning of G. L. c. 71, § 42A. Although the plaintiff ''performed many of the duties of a principal,'' the authority and responsibility of that office was vested in the supervising headmaster.

The defendant does not deny that the plaintiff served as principal during the 1949-1950 school year and from July 1, 1957, to July 1, 1960. It contends, however, that, in order to be entitled to the protection of § 42A, the plaintiff must have more than three years of consecutive service. This aspect of the case is governed by *Kelley* v. *School Comm. of Watertown,* 330 Mass. 150. The court there held, at page 152, that ''the reasonable construction of § 42A requires consecutive service for over three years.'' Although there are factual differences between the *Kelley* case and the case at bar, they do not render the rule of that case inapplicable here.

Since the plaintiff has not had consecutive service as a principal for over three years, he was not ''on tenure'' as a principal and could be demoted by the school committee without compliance with procedures prescribed in § 42A.

The plaintiff contends that the reduction in salary which accompanied his change in position was in violation of G. L. c. 71, § 43. The case of *McCartin* v. *School Comm. of Lowell,* 322 Mass. 624, 628, is cited in support of this contention. That case arose before the enactment of G. L. c. 71, § 42A, and, for purposes of tenure, a principal was treated as ''a superior sort of teacher.'' It was held that although the demotion of a principal to the position of teacher was not a dismissal under G. L. c. 71, § 42 (the statute dealing with the dismissal of teachers and superintendents on tenure), the accompanying salary reduction was invalid under § 43.

Section 42A, however, recognizes a distinction between teachers and principals for the purposes of tenure and § 43 is to be construed in the light of such distinction. Accordingly, we are of opinion that § 43 does not protect the salary of a principal against reduction unless such principal has attained tenure in that position. Tenure as a principal is achieved by consecutive service for over three years. Since the plaintiff was not on tenure as a principal, his reduction in salary is not invalid under § 43.

The decree appealed from is reversed. A new decree is to be entered declaring that the plaintiff's demotion from the position of principal of the Andover Junior High School to the position of teacher and assistant principal in the Andover High School was valid and not in violation of the provisions of G. L. c. 71, § 42A, and that his reduction in salary from $6,700 to $6,300 was not invalid under G. L. c. 71, § 43.

*So ordered.*