ROGER O'CONNOR *vs.* SCHOOL COMMITTEE OF LOWELL. January 11, 1978. We note at the outset that no question has been raised concerning the judge's implied ruling that a department head is covered by G. L. c. 71, § 42A, as appearing in St. 1953, c. 269 (but see *School Comm. of Braintree* v. *Raymond*, 369 Mass. 686, 689 [1976]), and for that reason, we proceed to analyze the plaintiff's rights under § 42A as a "professional employee performing the duties of a ... supervisor." 1. As it is not disputed that the plaintiff served continuously as head of the English department for "over three years," he thus was entitled to notice, a hearing and the other protections provided by § 42A before demotion. See *Clark* v. *Mt. Greylock Regional Sch. Dist.*, 3 Mass. App. Ct. 549, 552 (1975). 2. It is of no consequence that the plaintiff held the title of "acting head," as § 42A specifically covers those persons performing "the duties ...", by whatever title [the] position may be known." Cf. *Woodward* v. *School Comm. of Sharon*, 5 Mass. App. Ct. 84, 86–88 (1977), and cases cited. See also *Dimlich* v. *School Comm. of Andover*, 344 Mass. 643, 646 (1962), where the court accepted acting service as good service but denied relief because the plaintiff had not served three consecutive years. 3. Our disposition of these points makes it unnecessary for us to decide any question relative to the plaintiff's qualifications for appointment under the new criteria for the position or as to the effect of the injunction (entered in an unrelated matter) on the defendant. 4. As no question has been raised on

appeal relative to G. L. c. 71, § 43B, we deem that issue to have been waived. Mass.R.A.P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

*Judgment affirmed.*

The case was submitted on briefs.

*Peter L. Speronis,* City Solicitor, & *Thomas E. Sweeney,* Assistant City Solicitor, for the defendant.

*Gerald J. Zyfers, Kathleen M. Curry & Kevin P. Curry* for the plaintiff.

*Joseph P. Donahue, Jr., & Arthur C. Sullivan, Jr.,* for Eileen Casey, amicus curiae.