**Joan Rines NEEDLEMAN,**
**Plaintiff, Appellant,**

v.

**Jack R. BOHLEN et al., Defendants,**
**Appellees.**

No. 78–1531.

United States Court of Appeals,
First Circuit.

Argued April 5, 1979.

Decided June 25, 1979.

Joan R. Needleman, Boston, Mass., pro se, with whom Charles R. Capace, Boston, Mass., was on brief for plaintiff, appellant.

C. Peter R. Gossels, Boston, Mass., with whom Lawrence B. Morse, Boston, Mass., was on brief for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Appellant began teaching junior high school mathematics in the Wayland, Massachusetts, school system in 1959. From the 1962–1963 school year through the 1968–1969 school year, except for one year when she was on leave, she also held a position variously described in her annual contracts as "Team Leader" or "Chairman" or "Coordinator". By whatever name, the office involved the same responsibilities. She worked to keep the mathematics curriculum in grades one through twelve up to date, gave advice to teachers on implementing new material, and selected textbooks. She was offered the job for the 1969–1970 school year as well, but she was granted a leave of absence for that year. Though she requested reappointment when she returned to her teaching duties for 1970–1971 and again in 1971–1972, the School Committee, on the then superintendent's recommendation, chose to appoint someone else.

In November 1971, her principal notified appellant that he considered her performance unsatisfactory and was considering recommending that she not get the annual salary increment that would otherwise be due her. The principal reevaluated her performance in February, 1972, decided that her performance was still not satisfactory, and recommended withholding the increment. The new superintendent reviewed the charges against appellant and her written response and decided to recommend that the School Committee withhold the increment. The Committee voted unanimously to accept that recommendation.

Appellant brought this action under 42 U.S.C. § 1983 against the members of the School Committee, the superintendents, and her principal (appellees) alleging, inter alia, that she had property interests in her extra position and in her salary increment, both

of which were taken away without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and that the denial of her increment violated her rights under the First and Fourteenth Amendments. An additional count, Count II, alleged that the first superintendent wrongfully interfered with appellant's contract rights. Twenty months after a one-day non-jury trial the district court found for the appellees and dismissed the case in its entirety. We will discuss additional facts as they become relevant to our consideration of appellant's legal issues.

Appellant claims that she was for three years a "principal, supervisor, assistant principal, or professional employee performing the duties of a principal, supervisor, [or] assistant principal" within the meaning of M.G.L.A. ch. 71, § 42A, and that therefore she could not be demoted without her consent except for good cause.[1] Since she was clearly not a principal or assistant principal, she could qualify only if she was a supervisor or was performing the duties of a supervisor. In *Dimlich v. School Committee of Andover,* 344 Mass. 643, 184 N.E.2d 40 (1962) (when the statute was limited to principals and supervisors), the Supreme

Judicial Court of Massachusetts held that an assistant principal was not a principal or supervisor because, though he had performed many duties of a principal, he lacked the "authority and responsibility" necessary to qualify under the statute. *Id.* at 646, 184 N.E.2d 40. Subsequently the legislature added "assistant principal" to the statute, but did nothing to overrule the SJC's interpretation of "supervisor". We, of course, are bound by the SJC's rulings on Massachusetts law.[2]

The district court found that appellant's "position was always seen as a staff rather than line position in the school system"; that her position was not supervisory because she was a "resource person" and "advisor to teachers" rather than a person with authority and responsibility. The court found that a different person, the department head, hired, evaluated, and supervised math teachers and prepared and submitted the budget for the department. Though appellant challenges these findings, they are not clearly erroneous. F.R.Civ.P. 52(a). To the extent the evidence with regard to Needleman's responsibilities was conflicting, the court, of course, was entitled to believe appellees' witnesses or to disbelieve appellant's. Moreover, if an as-

1. M.G.L.A. ch. 71, § 42A reads:

"No principal, supervisor, assistant principal, or professional employee performing the duties of a principal, supervisor, assistant principal, by whatever title his position may be known, who has served in that position for over three years shall without his consent be demoted except for inefficiency, incapacity, unbecoming conduct, insubordination or other good cause; nor unless, at least thirty days, exclusive of customary vacation periods, prior to the meeting at which the vote is to be taken, he shall have been notified of such intended vote; nor unless, if he so requests, he shall have been furnished by the committee with a written charge or charges of the cause or causes for which his demotion is proposed; nor unless, if he so requests, he has been given a hearing before the school committee, which may be either public or private at the discretion of the school committee, and at which he may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them; nor unless the charge or charges shall have been substantiated; nor unless the su-

perintendent shall have given the committee his recommendations thereon.

"For the purpose of this section, a person shall be deemed to have been demoted if his salary has been reduced contrary to the provisions of section forty-three of this chapter or if he has been transferred without his consent to a position wherein he no longer serves at discretion.

"Any person who has been demoted by vote of a school committee under the provisions of this section may within thirty days after the vote of dismissal or demotion appeal therefrom to the superior court in the county in which he is employed."

2. The cases cited by appellant on page 29 of her brief are not on point because no contest concerning the issue of supervisory status under § 42A was squarely before the courts. *O'Connor v. School Comm. of Lowell,* 370 N.E.2d 1385 (Mass.App.1978); *School Committee of West Springfield v. Korbut,* 373 Mass. 788, 369 N.E.2d 1148 (Mass.1977); *Kaplan v. School Comm. of Melrose,* 363 Mass. 332, 294 N.E.2d 209 (1973).

sistant principal performing some duties of a principal was not a supervisor then, a fortiori, appellant was not. Accordingly, we conclude that appellant had no property right in her incremental position, and appellees did not violate her constitutional right to due process in taking it away.

In her brief and argument before us appellant sought to raise statutory tenure rights grounded in sections other than ch. 71, § 42A. Though other sections were mentioned in passing in appellant's complaint and in other documents filed with the district court, appellant's brief to the court following trial relied exclusively on § 42A. References to other statutory sections in the brief were relevant, if at all, only to issues collateral to the statutory entitlement issue. Since the issue was not argued, it was understandable that the district court did not address the possibility of any entitlement under other statutory provisions.

■ "The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). It is a rule of long standing in this circuit that issues not presented to the district court will not be considered by this court except in extraordinary circumstances. *McPhail v. Municipality of Culebra,* 598 F.2d 603 (1st Cir. 1979); *Johnston v. Holiday Inns,* (1st Cir. 1979), 595 F.2d 890 at 894; *SEC v. Howatt,* 525 F.2d 226, 230 (1st Cir. 1975); *Dobb v. Baker,* 505 F.2d 1041, 1044 (1st Cir. 1974); *Bricker v. Crane,* 468 F.2d 1228, 1233 (1st Cir. 1972); *Bird v. United States,* 241 F.2d 516, 520 (1st Cir. 1957). We find no such circumstances here, and we decline to consider the applicability of other statutory sections.

Having failed to prove she had tenure under statute, appellant next argues that she nonetheless had a constitutionally protectible property interest in the position by virtue of either her contracts or an extra-contractual expectancy. The Supreme Court has decided that a "mere subjective 'expectancy' is [not] protected by procedural due process" but that " 'the policies and practices of the institution' " may give rise to a protected interest. *Perry v. Sinderman,* 408 U.S. 593, 603, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972). However, as the Court there pointed out, such a "common law" tenure is most likely at an institution "that has no explicit tenure system". *Id.* at 602, 92 S.Ct. at 2700. Conversely, the existence of a "highly structured system of de jure tenure argue[s] against a parallel system of de facto tenure." *Willens v. University of Massachusetts,* 570 F.2d 403, 404 (1st Cir. 1978).

■ Here there was a very rigid system of statutory tenure imposed by the legislature. Appellant's appointments were always for discrete periods of one year or less. The court found that both the School Committee and the teachers' association understood appellant's position to be flexible rather than tenured. On this record we cannot say that the court was clearly erroneous. As the court concluded, she held the position "at the will and pleasure of the School Committee".

Accordingly, we affirm the ruling that appellant had no protected property interest in the position. We must now turn to her claims relative to the salary increment that was denied.

■ The court below found that teachers in the Wayland school system do enjoy an "expectancy" in the annual salary increment because, by contract, it cannot be denied unless the teacher's performance is determined to be "unsatisfactory". Thus appellant had a property interest in her increment within the meaning of *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Perry v. Sinderman, supra.* The question before us is whether that property interest was taken away without due process of law and, specifically, whether appellant was entitled to some hearing, either before or after the determination, beyond what was accorded by the contract from which her property interest arose.

■■ This determination requires a balancing of interests:

"[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976); *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 17–18, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (Powell, J., concurring).[3]

Though "some kind of hearing is required at some time before a person is finally deprived of his property interest[s]", *Memphis Light, supra,* 436 U.S. at 16, 98 S.Ct. at 1563; *Wolff v. McDonnell,* 418 U.S. 539, 557–58, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), "what may be required . . . in dealing with one set of interests . . . may not be required in dealing with another set of interests." *Arnett v. Kennedy, supra,* 416 U.S. at 155, 94 S.Ct. at 1645. But the requirement of an "opportunity to be heard 'at a meaningful time and in a meaningful manner' ", *Mathews v. Eldridge, supra,* 424 U.S. at 333, 96 S.Ct. at 902, *quoting Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct.

1187, 14 L.Ed.2d 62 (1965), does not mean that a pre-deprivation evidentiary hearing must always be held. *Mathews v. Eldridge, supra,* 424 U.S. at 333–34, 96 S.Ct. 893.

The contract in this case accords a teacher significant procedural protections both before and after a determination is made to deny her increment. Evaluations of a teacher's performance are made with the full knowledge of that teacher, and the evaluation report is shown to the teacher who has the right to discuss it with her superiors. A teacher can review the contents of her personnel file, and no derogatory material can be placed in her file unless she has had an opportunity to review and answer such material. Before a teacher can lose her increment her principal must evaluate her and notify her in writing of any deficiencies by December 15. The principal must make another evaluation between December 15 and April 1, and, if the deficiencies still exist must notify the teacher of the recommendation to withhold the increment. The teacher has the right to an evaluation by another principal.[4] Appellant was notified of the charges against her, and she was given an opportunity to respond to those charges in writing before the school committee acted on her case. After the determination has been made, the agreement spells out a four level grievance procedure that culminates in arbitration if the teachers' grievance committee presses the appeal.[5]

■ We hold that the procedures afforded appellant were constitutionally adequate. She had full notice of the charges against her and a chance to meet those charges in

---

3. The district court apparently based its decision on Justice Rehnquist's plurality opinion in *Arnett* which suggested that due process rights do not go beyond procedures set out in the specific source of the property interest. It is now apparent that Justice Powell's view has prevailed so that the constitutional adequacy of the procedures accorded must be determined.

4. Appellant apparently had some trouble securing an evaluation by another principal, and she was dissatisfied with her notice of derogatory materials being placed in her file, but these problems were cleared up and were not violations of her constitutional rights.

5. In appellant's case the grievance committee did not press the case past level two, the appeal to the superintendent of schools, because it was satisfied that there was not a contract violation. Appellant and her attorney were granted a meeting with two members of the school committee, and the committee offered appellant another chance to appear alone which was withdrawn after she wrote saying that it would not satisfy her procedural demands.

writing. Since these procedures are for the use of well-educated individuals, there is no reason to think that they cannot express their position on paper. *See Mathews v. Eldridge, supra,* 424 U.S. at 344, 96 S.Ct. 893. This is especially so given her full access to information in her file and prior notice of the charges, permitting her to mold her response. *Id.* at 345–46, 96 S.Ct. 893. Thus the pre-determination procedures are reasonably fair and reliable, *id.* at 343, 96 S.Ct. 893, and afforded appellant a meaningful opportunity to present her case so that the committee was acting on complete information. The harm done if an error is initially made is comparatively slight since it would only mean that appellant would be kept at her current salary until the error could be corrected through the post-determination procedures. Nothing crucial is actually taken away. *See id.* at 340, 96 S.Ct. 893. Finally, the teachers' contract, which appellant voted to ratify, is premised on the notion that grievances should, in the interests of both parties, be kept informal and confidential and should be resolved as expeditiously as possible. We do not think the Constitution requires more process than was accorded in this instance.

█ Appellant next claims that the district court erred in rejecting her claim that denial of the increment violated her First Amendment rights in that the determination that her performance was unsatisfactory was "based upon her exercise of free speech and claim to academic freedom." The district court found that appellees were not motivated by her exercise of First Amendment rights and that they would have reached the same decision regardless of the presence or absence of protected conduct. *Mount Healthy City Board of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). She suggests that these findings were in error, and, alternatively, that she should have a new trial because the Supreme Court's decision in *Mount Healthy* came down after trial of this case, and her presentation of evidence was directed to a different standard— whether an illegitimate reason played "a substantial part" in the decision.

The district court's findings are not clearly erroneous. Appellees specifically denied the allegations of improper motive. Their testimony was not shaken on cross-examination and was no more self-serving than appellant's own evidence. The court was entitled to choose to believe them rather than appellant. Given that the court found that appellees were not motivated by any illegitimate reason, appellant would have lost even under the law she thought was in effect before the Supreme Court's decision. She had an ample opportunity to present whatever evidence she could of improper motivation, and the court decided against her. Accordingly, there is no reason to give her another chance.

█ The only matter remaining to be resolved is the district court's treatment of Count II of the amended complaint. In its opinion, the court's only mention of Count II is a reference to its having been dismissed in its entirety in an earlier ruling. *Needleman v. Bohlen,* 386 F.Supp. 741, 747– 48 (D.Mass.1974). Subsequently, however, appellant was granted permission to file an amended complaint which restored Count II. The record does not show any new decision on this count. Our resolution of the other issues, however, disposes of the amended count. Under Massachusetts law, a "legally protected interest" is a prerequisite to recovery for malicious interference. *Old Colony Donuts, Inc. v. American Broadcasting Companies, Inc.,* 368 F.Supp. 785, 787 (D.Mass.1974); *Sacks v. Martin Equipment Co.,* 333 Mass. 274, 279, 130 N.E.2d 547 (1955); *Caverno v. Fellows,* 300 Mass. 331, 333, 15 N.E.2d 483 (1938). The action cannot lie "when it is not shown that a breach has occurred." *Commerford v. Meier,* 302 Mass. 398, 406, 19 N.E.2d 711, 715 (1939). Since we have found that no violation of appellant's rights has occurred, Count II must be dismissed.

*Affirmed.*