MARY A. FOGARTY *vs.* SCHOOL COMMITTEE OF PALMER.  May 6, 1983. The plaintiff Mary Fogarty served from 1964 to 1969, and from May 3, 1972, until September 4, 1979, as head of the department of social studies (or history) in the Palmer high school.  On September 4, 1979, she was demoted from that position by not being renewed in it.  See *Glennon* v. *School Committee of Boston,* 375 Mass. 757 (1978).  The parties agree that this was done without regard to the important procedural requirements of G. L. c. 71, § 42A, a statute regulating the demotion of tenured supervisors (also principals and assistant principals).  The plaintiff's present action against the Palmer school committee tests whether she was a "supervisor" or — the statutory equivalent — a "professional employee performing the duties of a . . . supervisor . . . by whatever title . . . [her] position may be known." G. L. c. 71, § 42A, as appearing in St. 1975, c. 199.  A judge of the Superior Court, after trial, found for the plaintiff. He considered the detailed statement of the "duties and responsibilities of department heads" of the Palmer school set out in its "teachers' manual" and heard testimony regarding the plaintiff's assignments and work. We cannot say that the judge erred in the multifactored standard he implicitly applied or in his assessment of the facts in that light. Cf. *Dimlich* v. *School Comm. of Andover,* 344 Mass. 643, 646 (1962); *O'Connor* v. *School Comm. of Lowell,* 6 Mass. App. Ct. 824 (1978); *Needleman* v. *Bohlen,* 602 F.2d 1, 3-4 (1st Cir. 1979).  He was appraising a particular situation.  Hence neither he nor we should be understood to be laying down a rule for "department heads" in any other school system of the Commonwealth or, for that matter, as to other department heads in the Palmer system.

To preserve her rights the plaintiff commenced this action within the thirty-day limit of § 42A, but arbitration proceedings were also initiated on her behalf under the relevant collective bargaining agreement. In those proceedings the school committee contended that by the terms of the collective agreement the grievance mechanisms did not extend to a grievance with respect to a demotion of one claiming to be a supervisor. The arbitrator so decided, making no findings on the merits, and there was no application for judicial review.  (We need not venture an opinion whether the arbitrator's decision was correct.)  The school committee now claims that the plaintiff's resort to arbitration was a conclusive election by her, barring the present action.  It cites G. L. c. 150E, § 8, but the

election mentioned there assumes a collective agreement that allows the particular resort to arbitration, not one that repels it. See *Sullivan* v. *Belmont,* 7 Mass. App. Ct. 214, 216-218 (1979). The judge saw the anomalous and unfair consequences in the present case of a contrary view.

The judgment requiring reinstatement and so forth is affirmed.

*So ordered.*

*Nicholas N. Marshall* for the defendant.
*John H. Madden, Jr.,* for the plaintiff.