Brooker v. Powell                          CV-92-401-SD   05/04/95
                    UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Scott/Philip Brooker


        v.                                    Civil No. 92-401-SD


Ronald Powell, et al



                             O R D E R


        In this civil action brought under 42 U.S.C. § 1983, pro se

plaintiff Scott/Philip Brooker asserts that defendants Ronald

Powell and Michael Cunningham[1] violated his Eighth Amendment

rights by failing or refusing to provide adequate medical

treatment for a stab wound Brooker suffered to the head, a broken

tooth, a ruptured appendix, and certain respiratory problems.

        Presently before the court is defendants' motion to dismiss,

to which plaintiff objects.  Plaintiff has also filed a motion in

response to defendants' motion, which the court treats as an

opposition memorandum.

_____

        [1]Ronald Powell is the former Commissioner of the New
Hampshire Department of Corrections (DOC) and Michael Cunningham
is Warden of the New Hampshire State Prison (NHSP).

## Discussion

### 1. Motion to Dismiss Standard

When a court is presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In reviewing the sufficiency of a complaint, the court accepts "the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause." Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992). Despite this deferential reading, the court is required to ensure that "each general allegation [is] supported by a specific factual basis." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990) (citing Dewey v. Univ. of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)). Further, the court is not required to credit a litigant's "unsubstantiated conclusions" or "subjective characterizations." Correa-Martinez v. Arrilaga-Belendez, 903 F.2d 49, 52-53 (1st Cir. 1990) (citations omitted).

Applying this standard, the court will grant a motion to dismiss "'only if it clearly appears, according to the facts

2

alleged, that the plaintiff cannot recover on any viable theory.'" Garita Hotel, supra, 958 F.2d at 17 (quoting Correa-Martinez, supra, 903 F.2d at 52).

## 2. Brooker's Eighth Amendment Claims

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, Robinson v. California, 370 U.S. 660, 666 (1962), prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). It is well established that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, ___ U.S. ___, ___, 114 S. Ct. 1970, 1974 (1994). In the context of medical care, this means that a prison official violates the Eighth Amendment if he is "deliberately indifferent" to the "serious medical needs" of a prisoner. Helling v. McKinney, ___ U.S. ___, ___, 113 S. Ct. 2475, 2480 (1993); DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir. 1991).

Powell, as DOC's Commissioner, and Cunningham, as the Warden of NHSP, are both administrators or supervisors within New Hampshire's correctional system. Neither defendant is directly responsible for providing medical care to NHSP inmates such as

3

the plaintiff.

The limits of supervisory liability under section 1983 are well defined in the First Circuit.  First, liability under section 1983 "may not be predicated upon a theory of *respondeat superior*."  Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989).  See also Gaudreault v. Salem, 923 F.2d 203, 209 (1st Cir. 1990) ("It is by now axiomatic that the doctrine of *respondeat superior* does not apply to claims under section 1983."), cert. denied, 500 U.S. 956 (1991).  Instead, supervisory personnel such as Powell and Cunningham "can be held liable for the constitutional misconduct of [their] employees only on the basis of an 'affirmative link' between their acts and those of the offending employee." Gaudreault, supra, 923 F.2d at 209 (citing Voutour v. Vitale, 761 F.2d 812, 820 (1st Cir. 1985)).

Further, in order to hold a supervisor liable for his own acts or omissions, "[i]t must be shown that the supervisor's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others." Gutierrez-Rodriguez, supra, 882 F.2d at 562; see also Gaudreault, supra, 923 F.2d at 209.  In other words, it must be shown that the defendant acted with "deliberate indifference."

To establish "deliberate indifference," plaintiff is required to prove that the defendant acted "with a sufficiently

4

culpable state of mind." <u>Farmer</u>, <u>supra</u>, ___ U.S. at ___, 114 S. Ct. at 1977 (quoting <u>Wilson</u>, <u>supra</u>, 501 U.S. at 297); <u>see also</u> <u>DesRosiers</u>, <u>supra</u>, 949 F.2d at 18. The test for "deliberate indifference" recently adopted by the Supreme Court for Eighth Amendment cases is the subjective recklessness standard used in criminal law. <u>Farmer</u>, <u>supra</u>, ___ U.S. at ___, 114 S. Ct. at 1980. Under this test, "an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." <u>Id.</u>, 114 S. Ct. at 1981.

Defendants Powell and Cunningham move for dismissal of the Eighth Amendment claims against them on the ground that Brooker's complaint contains no factual averments linking their conduct to the constitutional misconduct of their employees.

The court has carefully reviewed plaintiff's complaint and finds it to be defective in several respects. First, although plaintiff states that defendants Powell and Cunningham violated his Eighth Amendment rights, plaintiff fails to offer any specific factual allegations in his complaint to support such a claim. There are no specific factual allegations regarding the acts or omissions of Powell and Cunningham relative to plaintiff's medical needs. Further, plaintiff's general

5

allegation that defendants Powell and Cunningham acted with deliberate indifference is unsupported by a specific factual basis.

Although plaintiff does allege that certain NHSP Medical Department staff failed or refused to provide him with needed medical treatment, plaintiff's complaint does not contain a single factual allegation that shows or suggests an "affirmative link" between the acts or omissions of Powell and Cunningham and those of the prison's medical staff.

The court further notes that plaintiff states in his memorandum in opposition to defendants' motion that Powell and Cunningham "have failed to train and supervise guards and other prison staff." Plaintiff's Memorandum at 1. However, this is the first time plaintiff has raised a failure-to-train theory, and the court finds that there are no factual allegations contained in plaintiff's complaint or in his opposition memorandum to support such a theory.

For the reasons set forth herein, the court finds that the allegations set forth in plaintiff's complaint are insufficient to state an Eighth Amendment claim against defendants Powell and Cunningham for failure to provide adequate medical treatment.

6

3.  Plaintiff's Request to Amend

In his objection to defendants' motion to dismiss, plaintiff requests leave to amend his complaint.

Under Rule 15(a), Fed. R. Civ. P., after a responsive pleading has been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  "Absent factors such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or 'futility of amendment,' the leave sought should be granted."  Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 71 (1st Cir. 1995) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

This action was filed nearly three years ago and is currently scheduled to begin trial on May 16, 1995, which is less than two weeks away.  "'Where . . . considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some "valid reason for his neglect and delay."'"  Grant v. News Group Boston, ___ F.3d ___, ___, No. 94-2191, 1995 U.S. App. LEXIS 9740, at *15 (1st Cir. Apr. 28, 1995) (quoting Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983) (quoting Hayes

7

v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979))).  Here, plaintiff explains that his delay in requesting leave to amend is due to his pro se status and defendants' failure to file their motion to dismiss earlier so as to notify him of the deficiencies in his complaint.

With respect to these issues, the court notes that plaintiff, although proceeding pro se, is not a stranger to this court and cannot claim to be entirely unfamiliar with the requirements for asserting an Eighth Amendment claim against supervisory personnel such as Powell and Cunningham.  Indeed, in a separate section 1983 action filed by Brooker in this court, an Eighth Amendment claim for failure to provide adequate medical treatment asserted against Powell and Cunningham was dismissed for the same reasons raised in the motion filed by Powell and Cunningham in the instant action.  See Brooker v. Powell, Civ. No. 93-290-JD, slip op. at 7-9 (D.N.H. Aug. 9, 1994).  The court finds that the August 9, 1994, order in Civ. No. 93-290-JD put Brooker on notice of what he is required to allege to make out an Eighth Amendment claim against supervisory personnel such as Powell and Cunningham.  Plaintiff's complaint in the instant action falls far short of those requirements.

The court further notes that plaintiff has requested leave to amend his complaint without indicating to the court what he

would add to his complaint to cure the deficiencies pointed out by defendants' motion to dismiss. In this action, the court has previously told plaintiff that if he "chooses to file a motion for leave to amend, he should state with specificity how he wishes to amend the complaint." Brooker v. Powell, Civ. No. 92-401-SD, slip op. at 1 (D.N.H. Sept. 7, 1993) (document 26).[2]

For the reasons set forth herein, the court finds that plaintiff's failure to seek leave to amend prior to the eve of trial and his failure to state with any specificity how he now wishes to amend his complaint cannot be explained away by his pro se status. Moreover, the court would be required to continue the trial of this case in order to allow plaintiff to attempt to cure his deficient complaint. The court finds that a continuance at this time would be unduly prejudicial to defendants Powell and Cunningham. Plaintiff's request for leave to amend is accordingly denied.

## Conclusion

For the reasons set forth herein, defendants' motion to dismiss (document 63) is granted, and plaintiff's request for leave to amend his complaint (document 64) is denied. All other

---

[2]Without such information, the court is unable to assess whether leave to amend should be denied as futile.

9

pending motions are hereby denied as moot.  The clerk's office shall enter judgment accordingly.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 4, 1995

cc:  Scott/Philip Brooker, pro se
     William C. McCallum, Esq.

10