# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

ARTHUR LUZ *vs.* SCHOOL COMMITTEE OF LOWELL. July 22, 1974. This is a bill in equity for declaratory relief brought by an industrial arts teacher seeking an order for reinstatement and for lost wages on the claim that he was unlawfully discharged by the school committee of Lowell in that it had not voted his discharge and had failed to give him a hearing under G. L. c. 71, § 42. In extensive and careful findings reflected in a decree dismissing the plaintiff's claim, a judge of the Superior Court found in part that the plaintiff was first employed in the Lowell schools after passing an examination under a special act regulating the employment of teachers in Lowell, and that he had never sought nor received the teaching certificate based upon stated standards which, under G. L. c. 71, § 38G, all school teachers must obtain from the Board of Education of the Commonwealth. The findings further indicate that under the same statute an opportunity was afforded the plaintiff by the school committee to procure the needed certificate in that it allowed him to continue teaching under its "waiver" procedures to allow him time to meet certificate standards, an opportunity which he did not take. Since he was never certified, the plaintiff never was lawfully employed as a teacher. In these circumstances the plaintiff, notwithstanding his years of service, was not on tenure and had no right to the procedural benefits of G. L. c. 71, § 42. See *DeCanio* v. *School Comm. of Boston,* 358 Mass. 116 (1970). There was no denial of due process in the fact that the school committee elected not to rehire the plaintiff since, being uncertified, he had no "legitimate claim of entitlement" to his position. *Board of Regents of State Colleges* v. *Roth,* 408 U. S. 564, 577-578 (1972). Unlike the situation in *Perry* v. *Sindermann,* 408 U. S. 593 (1972), the Lowell school system was controlled by the provisions of G. L. c. 71, §§ 41 and 42, on the question of tenure and no "de facto" tenure system existed which bestowed rights on the plaintiff.

*Decree affirmed.*

*Jeffrey M. Freedman* for the plaintiff.

*David J. Fenton,* Assistant City Solicitor, for the School Committee of Lowell.