FORREST W. MILNE, THIRD, *vs.* SCHOOL COMMITTEE OF MANCHESTER.

Essex. September 8, 1980. — October 1, 1980.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*School and School Committee,* Termination of employment. *Due Process of Law,* Termination of employment.

A tenured teacher who was dismissed because of an actual decrease in the number of pupils in the town's schools was not entitled under G. L. c. 71, § 42, to notice and hearing prior to his termination. [582-583]

A tenured teacher who was dismissed because of an actual decrease in the number of pupils in the town's schools had no constitutional right to notice and a hearing prior to his termination. [583]

CIVIL ACTION commenced in the Superior Court Department on April 13, 1979.

The case was heard by *Linscott,* J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Ann Clarke* for the plaintiff.

*James A. Toomey* for the defendant.

WILKINS, J. The defendant school committee concluded in March, 1979, that a reduction in the number of physical education teachers to be employed during the next school year was advisable due to an actual decrease in the number of pupils in the Manchester schools.[1] The school committee, therefore, voted to dismiss the plaintiff, a tenured physical education teacher. The plaintiff had the least seniority of the physical education teachers employed dur-

---

[1] The enrollment was 1,180 pupils in the 1977-1978 school year and 1,109 pupils in the 1978-1979 school year. The anticipated enrollment for the 1979-1980 school year was 1,030 pupils.

ing the 1978-1979 school year, and there was no untenured teacher whose position the plaintiff was qualified to fill.

The plaintiff argues that, as a matter of statutory and constitutional right, he was entitled to notice and a hearing prior to the termination of his employment.[2] The case was heard in the Superior Court on the school committee's motion for summary judgment. There is no disputed fact. The plaintiff appeals from a judgment dismissing his complaint. We granted his application for direct appellate review and now affirm the judgment.

The plaintiff maintains that, under the provisions of G. L. c. 71, § 42, he was entitled to notice and a hearing prior to termination of his employment. Section 42 establishes procedures that a school committee must follow in dismissing a tenured teacher ("a teacher . . . employed at discretion"). That section provides, however, that "[n]either this nor the preceding section [referring to § 41, concerning the granting of tenure] shall affect the right of a committee to dismiss a teacher whenever an actual decrease in the number of pupils in the schools of the town renders such action advisable." G. L. c. 71, § 42, as amended through St. 1972, c. 464, § 2. We read that language as removing from the notice and hearing requirements of § 42 any dismissal decision based solely on an actual decrease in the number of pupils in the schools of a municipality. The broad language of § 42 that it shall not affect the right of the school committee to dismiss a teacher due to a decline in enrollment does more than define a decline in enrollment as good cause for dismissal of a tenured teacher; it makes the notice and hearing provisions of § 42 inapplicable to the plaintiff's circumstances. See *Lane* v. *School Comm. of Paxton,* 378 Mass. 794 (1979).

The plaintiff contends that his status as a tenured teacher gave him a legitimate claim of entitlement to continued employment and that, under the due process clause of the

---

[2] The plaintiff makes no claim based on an asserted violation of his rights under the applicable collective bargaining agreement.

Fourteenth Amendment to the Constitution of the United States, his employment could be terminated only after notice and a hearing. See *Perry* v. *Sindermann,* 408 U.S. 593, 601-602 (1972); *Regents of State Colleges* v. *Roth,* 408 U.S. 564, 576-577 (1972). The existence of a constitutionally protected property interest depends on the nature of the plaintiff's rights under State law. See *Bishop* v. *Wood,* 426 U.S. 341, 344 (1976).

The plaintiff's constitutional argument must fail because he had no statutory or demonstrated contractual right to expect continued employment in the face of declining enrollment. See *McCarthy* v. *Sheriff of Suffolk County,* 366 Mass. 779, 785 (1975); *Luz* v. *School Comm. of Lowell,* 366 Mass. 845 (1974). The plaintiff's statutory rights are defined in G. L. c. 71, §§ 41 and 42, and the provision in § 42 that neither § 41 nor § 42 shall affect a school committee's right to dismiss a tenured teacher because of an "actual decrease in the number of pupils" in the school system indicates that a teacher has no legitimate claim of entitlement to continued employment in such circumstances. Thus, the plaintiff had no constitutional right to notice and a hearing prior to his termination.[3]

*Judgment affirmed.*

[3] The plaintiff raises no claim that the reason given for his dismissal was a fabrication, that the school committee's action was arbitrary or unreasonable, or that the plaintiff's statutory or other rights in relation to other teachers, tenured or untenured, were denied. We, therefore, need not consider whether we would follow *Howell* v. *Woodlin School Dist. R-104,* Colo. , (1979) (596 P.2d 56, 60 [Colo. 1979]), where each of these questions was said to be open and thus a hearing before the school board was constitutionally required.