SANDRA L. BURTON *vs.* SCHOOL COMMITTEE OF QUABOAG REGIONAL
SCHOOL DISTRICT. March 19, 1982. In June, 1979, the plaintiff, a home
economics teacher, was granted maternity leave, effective September,
1979, to September, 1980. Because of decreasing enrollments in the
school and in the plaintiff's subject, the school committee (committee), in
June, 1980, voted not to renew the plaintiff's contract. The plaintiff
brought an action in the Superior Court, challenging her dismissal.[1] After
a jury-waived trial, a judge made findings and rulings and entered judg-
ment for the committee. The plaintiff appealed and claims: (1) that she is
entitled to seniority credit for her maternity leave under the collective
bargaining agreement, (2) that her dismissal was discriminatory on the
basis of sex, (3) that the procedures by which she was terminated violated

[1] Apparently neither party considered the matter to be a grievance under the col-
lective bargaining agreement and therefore subject to arbitration.

G. L. c. 71, § 42, and the Fourteenth Amendment to the United States Constitution, and (4) that the defendant was estopped from denying her seniority credit during her maternity leave. We affirm.

1. The evidence warranted the judge's finding that the plaintiff's maternity leave was governed by the 1979-1981 collective bargaining agreement. Under clause 7.02(3) of that agreement, periods spent on leaves would not be included in calculating seniority. Leaves are defined in Section 12 of the agreement to include sick leave and maternity leave. Therefore, the judge was correct in ruling that the plaintiff's maternity leave could not be used in calculating seniority.

2. Because the collective bargaining agreement precluded sick leave and maternity leave from being counted toward seniority, the committee did not treat pregnancy differently from other disabilities. Therefore, the plaintiff was not discriminated against on the basis of her sex. *Massachusetts Elec. Co.* v. *Massachusetts Commn. Against Discrimination*, 375 Mass. 160, 167-172 (1978).

3. Because the plaintiff was dismissed as a result of a decline in enrollments, neither the procedures established by G. L. c. 71, § 42, nor the Fourteenth Amendment applies. *Milne* v. *School Comm. of Manchester*, 381 Mass. 581, 582-583 (1980). We note that the committee did, in fact, give the plaintiff written notice of the reasons for her dismissal and granted her a hearing at which she was represented by counsel and was allowed to present evidence.

4. The plaintiff claims that the committee is estopped from denying her seniority as to her maternity leave because, in a conversation with her school principal in June, 1979, he told her that he thought that there would not be a problem with seniority but that she should check with her union representative. The evidence warranted the judge's finding that the plaintiff did not act reasonably in relying on the principal's statements because, as she should have known, he was not authorized to speak for the committee on questions of leave and seniority. The principal urged her to talk to her union representative about her seniority rights. Her failure to follow this course cannot be held against the committee.

*Judgment affirmed.*

*Maurice M. Cahillane* for the plaintiff.
*Vincent J. McCaughey* for the defendant.