WILLIAM J. MARTIN vs. SCHOOL COMMITTEE OF NATICK
& another.[1]

Middlesex.   September 12, 1984. — December 10, 1984.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

Due Process of Law, Suspension of teacher, Notice, Hearing.  School and
School Committee, Suspension of teacher.

The summary five-day suspension provision of G. L. c. 71, § 42D, was not
unconstitutional as applied to a tenured teacher suspended for five days
by the superintendent of schools, where the teacher was subsequently
given a hearing preceding an additional thirty-day suspension by the
school committee and where the record, which disclosed the reasons for
the thirty-day suspension, gave no indication that they differed from the
reasons for the five-day suspension. [433-435]
In an action by a tenured school teacher challenging the legality of a summary
five-day suspension by the superintendent of schools and a second,
thirty-day, suspension by the school committee following notice and
hearing, there was no merit to the plaintiff's contention that the notice
he received before the hearing on the second suspension was deficient
because it did not specifically advise him that a second suspension was
to be considered and did not specify the length of the proposed suspen-
sion. [435-436]
In the circumstances, a school committee conducting a hearing on charges
against a tenured teacher was not arbitrary or capricious in denying a
request for a continuance made by the teacher's attorney about 1 A.M.
on the second night of the hearing when the attorney informed the
chairman of the committee that he was too tired to continue. [436]
On appeal by a tenured teacher challenging the validity of a thirty-day sus-
pension, this court did not consider whether there was sufficient evidence
before the school committee to substantiate the charges against the
teacher, where the record on appeal contained only a few excerpts from
the transcript of the hearing before the school committee. [436-437]

---

[1] The superintendent of schools of Natick. We acknowledge the amicus
briefs filed by the Attorney General, the Massachusetts Teachers Associa-
tion, the Massachusetts Association of School Superintendents, Inc., and
the Massachusetts Association of School Committees, Inc.

CIVIL ACTION commenced in the Superior Court Department on February 29, 1980.

The case was heard by *Paul G. Garrity,* J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Brian T. Kenner (Deborah S. Russo* with him) for the defendants.

*Charles M. MacLean* for the plaintiff.

*Sandra C. Quinn,* for Massachusetts Teachers Association, amicus curiae, submitted a brief.

*Austin Broadhurst,* for Massachusetts Association of School Committees, Inc., amicus curiae, submitted a brief.

*Michael J. Long,* for Massachusetts Association of School Superintendents, Inc., amicus curiae, submitted a brief.

*Judith S. Yogman & E. Michael Sloman,* Assistant Attorneys General, for the Attorney General, amicus curiae, submitted a brief.

NOLAN, J. The plaintiff, William J. Martin, was suspended from his teaching position in the Natick public schools on two separate occasions during the 1979-1980 school year. The superintendent of schools for Natick (superintendent) notified Martin of the first suspension, which covered a five-day period. After a hearing, the school committee of Natick (committee) voted to suspend Martin for an additional thirty days. Martin subsequently filed suit against the members of the committee and the superintendent in the Superior Court. He sought declaratory relief with respect to both suspensions, alleging that the defendants had imposed the suspensions in violation of G. L. c. 71, § 42D, and that he had been deprived of due process. The superintendent and the committee moved for summary judgment. After a hearing, the Superior Court judge ruled in favor of the defendants with respect to the thirty-day suspension, ruling that the statutory procedural requirements had been satisfied and that evidence supported the committee's decision. With respect to the five-day suspension, however, the judge

ruled in favor of the plaintiff.[2] The judge held unconstitutional the provisions of G. L. c. 71, § 42D, which permit certain school officials to suspend a teacher for up to five days without complying with the procedures mandated for longer suspensions.[3] The defendants' motion for reconsideration was denied, and final judgment was entered. Each party appealed and we granted the defendants' application for direct appellate review. G. L. c. 211A, § 10 (A).

On appeal, the defendants contend that the judge erred in declaring unconstitutional that part of G. L. c. 71, § 42D, which permits a superintendent to suspend a teacher for not more than five days. On cross appeal, the plaintiff argues that the judge erred in ruling that the thirty-day suspension was imposed in accordance with the requirements of G. L. c. 71, § 42D, and of due process. We conclude that the judge correctly ruled that the thirty-day suspension was valid, but erred in ruling that the portion of the statute concerning a suspension for five days or less is unconstitutional.

The relevant facts may be summarized as taken from the judge's rulings, orders, and memorandum. Martin, accompanied by counsel, met with the superintendent on January 18, 1980. The superintendent informed Martin that he would not be teaching that day, and requested Martin's resignation. On January 21, 1980, the superintendent again met with Martin and his attorney. At this meeting, the superintendent told Martin that he had been suspended for five days. On the same day, the superintendent sent Martin a letter notifying him of the five-day suspension. Martin requested a hearing on this suspen-

---

[2] The judge used the procedural format of an order for partial summary judgment for the defendants regarding the thirty-day suspension, and partial summary judgment for the plaintiff as to the five-day suspension. See Mass. R. Civ. P. 56, 365 Mass. 824 (1974).

[3] The relevant portion of G. L. c. 71, § 42D, as amended through St. 1975, c. 316, provides: "The school committee, a superintendent or any other school official designated for the purpose, by the superintendent, may, notwithstanding any provision of this section to the contrary, suspend for a period of not more than five days a teacher for unbecoming conduct or for any other cause which such committee, superintendent or official deems adequate."

sion. In a second letter dated January 21, 1980, the superintendent notified Martin that the committee intended to vote on his suspension "for unbecoming conduct or other good cause" at its meeting scheduled for January 29, 1980, at 7:30 P.M. Martin's attorney wrote to the committee, seeking details of its claims against Martin.

On January 24, 1980, the superintendent wrote to Martin and his counsel, informing Martin that at its January 29 meeting the committee intended to vote on "whether to suspend" him. This letter delineated the allegations against Martin: that Martin had deliberately graded students lower than their school performances warranted after the first school term in order to motivate them, and that evaluations of Martin's teaching during the 1977-1978, 1978-1979, and 1979-1980 school years reflected his inefficiency and incapacity as a teacher. Martin's counsel wrote to the superintendent and the committee on January 25, 1980, asking whether the committee was considering a second suspension, and seeking information about the hearing format and the evidence against Martin. On the same day, the superintendent informed Martin's attorney that Martin would be on "paid leave of absence" for January 28 and 29, 1980.

The committee hearing began at 8 P.M. on January 29. The committee heard testimony and admitted in evidence exhibits concerning the allegations against Martin, then adjourned at 11:45 P.M. The hearing resumed on the next evening at 7:10 P.M. At approximately 1 A.M. the plaintiff's counsel informed the chairman that he was too tired to continue. The committee voted to go on with the hearing. Martin and his counsel left the meeting at 1:03 A.M. The committee then examined another witness and reëxamined the superintendent. Counsel for the committee made a closing statement. After voting that each charge against Martin had been substantiated, the committee voted to suspend Martin through February 29, 1980, pursuant to G. L. c. 71, § 42D.

1. *The Five-Day Suspension.*

The defendants argue that the judge erroneously ruled that the last paragraph of G. L. c. 71, § 42D, which permits summary suspension of a teacher for not more than five days, is

unconstitutional. They contend that Martin did not have a recognizable property interest with respect to the five-day period of his suspension under this portion of § 42D. We agree that no property interest was implicated, and rule that this portion of G. L. c. 71, § 42D, is constitutional as applied in this case.

The nature of Martin's rights under State law governs our inquiry into the existence of a constitutionally protected property interest. *Milne* v. *School Comm. of Manchester,* 381 Mass. 581, 583 (1980), citing *Bishop* v. *Wood,* 426 U.S. 341, 344 (1976). It is without dispute that Martin was a tenured teacher. He was, therefore, entitled to the protection that State law affords to those who have attained that status. See generally G. L. c. 71, §§ 41 and 42. Section 42D clearly provides that a teacher may be suspended for up to five days by "[t]he school committee, a superintendent or any other school official designated for the purpose, by the superintendent . . . for unbecoming conduct or for any other cause which such committee, superintendent or official deems adequate." The statute specifically distinguishes the short term suspension from one for which a teacher must be given prior notice and an opportunity to be heard.[4] Questions implicating the adequacy of reasons and the need for disclosure of those reasons under this portion of § 42D must await another day because, in the instant case, Martin was given a hearing after his five-day suspension. The reasons for the thirty-day suspension are a matter of record and there is nothing in the record to indicate that the reasons for the five-day suspension were any different.

Martin claims that his status as a tenured teacher establishes a property interest "in continued employment, safeguarded by due process" and that due process must be provided with respect to any suspension or dismissal. In *Milne* v. *School Comm. of Manchester, supra,* the plaintiff argued that his status as a tenured teacher gave him a property interest in continued em-

---

[4] The short, summary suspension is permissible "notwithstanding any provision of [§ 42D] to the contrary." G. L. c. 71, § 42D (describing notice and hearing requirements relative to suspension of tenured teacher for "unbecoming conduct or other good cause" for a period not to exceed one month).

ployment and that he was entitled to notice and a hearing before his employment was terminated due to declining enrollment. *Id.* at 582-583. We held that the plaintiff had no legitimate claim of entitlement to continued employment in that case because the applicable statute set forth the right of a school committee to dismiss a tenured teacher due to a decrease in enrollment. *Id.* at 583. In *Boston Teachers Local 66* v. *School Comm. of Boston,* 386 Mass. 197 (1982), we relied upon *Milne* in deciding that § 42 does not require that a tenured teacher be given notice and a hearing when that teacher is dismissed due to budgetary considerations. We conclude that Martin had no statutory right or legitimate claim of entitlement to continued employment which made him immune from the type of short term suspension described in § 42D.[5] Therefore, we reverse the judge's ruling that that portion of § 42D is unconstitutional and declare it constitutional as applied in this case.

2. *The Thirty-Day Suspension.*

Martin argues that he did not receive proper notice concerning the proposed thirty-day suspension, and that the committee's refusal to adjourn the hearing upon his request was arbitrary and capricious and deprived him of his due process rights. He also contends that the thirty-day suspension was improper

---

[5] Martin has attempted to distinguish our decision in the *Milne* case, contending that his rights as a tenured teacher were originally established as set forth in St. 1914, c. 714, § 5. He reasons that because this statute permitted dismissals due to declining enrollment without a hearing, the *Milne* court was not required to decide whether the Legislature could limit tenure rights after their original grant. Martin notes that the original tenure statute permitted suspension only for "unbecoming conduct and immoral acts," and concludes that the Legislature's modification of this statute to include the five-day suspension possible under § 42D was unconstitutional. Martin cites *Logan* v. *Zimmerman Brush Co.,* 455 U.S. 422 (1982), to support this argument, but his reliance upon *Logan* is misplaced. The *Logan* Court stated that a State may not "constitutionally authorize the deprivation of [a property interest], once conferred, without appropriate procedural safeguards." *Id.* at 432, quoting *Vitek* v. *Jones,* 445 U.S. 480, 490 n.6 (1980). The Court recognized, however, that a State remains free to alter or to terminate a previously created property right. *Logan* v. *Zimmerman Brush Co., supra* at 432. "In each case, the legislative determination provides all the process that is due . . . ." *Id.* at 433.

because the evidence presented to the committee did not substantiate the charges against him. We conclude that the committee imposed the suspension in accordance with both the statutory procedures and the requirements of due process. Furthermore, the record supports a finding that the charges were substantiated.

Section 42D provides that a tenured teacher "shall not be suspended, under the provision of this paragraph, except for unbecoming conduct or other good cause, nor unless at least seven days exclusive of customary vacation periods, prior to the meeting at which the vote is to be taken, he shall have been notified of such intended vote . . . nor unless the charges have been substantiated." The judge expressly ruled, as a matter of law, that Martin received proper notice of the committee's intention to vote on whether he should receive an *additional* suspension. We find no error in this ruling. Martin's claim that he should have been informed of the length of an additional suspension is meritless. The statute does not require the committee to decide on the length of a suspension prior to hearing evidence of the charges against a teacher. It would offend logic to require the committee to make this decision prior to consideration of relevant evidence and to limit unnecessarily the committee's actions at such a hearing to voting on suspension for a predetermined number of days.

With respect to the committee's refusal to grant a continuance on the second night of its hearing, we find no error in the judge's ruling that this decision was not arbitrary or capricious. The question of a continuance is addressed to the discretion of the tribunal. There was no abuse of discretion here. See *Daley* v. *District Court of W. Hampden,* 304 Mass. 86, 95 (1939).

Martin states that the judge reviewed evidence that had not been presented to the committee at the hearing. He asserts that the judge could not properly have ruled that the charges were substantiated. We do not determine the issues which bear on the evidence because we do not have a transcript of the hearing before the school committee except for a few unhelpful excerpts in the appendix. See Mass. R. A. P. 8 (b) (1), as amended,

378 Mass. 932 (1979). Apparently, the judge had the benefit of a transcript, and he concluded that there was sufficient evidence to support the thirty-day suspension. We shall not disturb this conclusion.

"[T]he authority of a school committee to manage the public schools is to be broadly interpreted." *O'Donnell* v. *Norwood,* 346 Mass. 394, 396-397 (1963). Martin's thirty-day suspension did not rest on a basis which was "arbitrary, irrational, unreasonable, in bad faith, or irrelevant to the committee's task of running a sound school system." *Springgate* v. *School Comm. of Mattapoisett,* 11 Mass. App. Ct. 304, 308 (1981).

The judgment of the Superior Court is reversed in so far as it was granted in favor of the plaintiff with respect to the five-day suspension. Judgment for the defendants is to be entered. The judgment in favor of the defendants with respect to the thirty-day suspension is affirmed.

*So ordered.*