PHYLLIS RANTZ vs. SCHOOL COMMITTEE OF PEABODY
& another.[1]

Essex. November 4, 1985. — December 11, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*School and School Committee,* Termination of employment, Tenure of per-
sonnel.

A tenured school principal was entitled to the same protection against dis-
missal as is afforded a tenured teacher under G L. c. 71, § 42, and
consequently, it was improper for a school committee, after deciding to
reduce the number of a city's elementary schools due to declining enroll-
ment and budgetary considerations, to dismiss her from her position as
principal while retaining three school principals in the system who had
not acquired tenure. [385-386]
A judge correctly relied on this court's decision in *Luz* v. *School Comm.
of Lowell,* 366 Mass. 845 (1974), in determining that a school principal
who had completed more than three consecutive years of service and
who was exempt from the certification requirement of G. L. c. 71,
§ 38G, rather than other principals who had served for more than three
years as principals but who had been certified as principals under § 38G
for fewer than three years, should have been retained in service after a
school committee's decision to reduce the number of a city's operating
elementary schools. [387-389]

CIVIL ACTION commenced in the Superior Court Department
on August 17, 1982.

The case was heard by *Edith W. Fine,* J., on a master's
report.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Daniel B. Kulak,* Assistant City Solicitor, for the defendants.
*William H. Sheehan, III,* for the plaintiff.

NOLAN, J. We are asked to rule that a tenured principal is
entitled to the same protection against dismissal as is afforded

---

[1] The city of Peabody.

to a tenured teacher, under G. L. c. 71, § 42 (1984 ed.).[2] We so hold and accordingly affirm the judgment. The relevant facts are summarized as follows.

The plaintiff, Phyllis Rantz, held a regular teaching position in the Peabody school system from 1961 through 1968.[3] In May of 1968, the plaintiff was elected to the position of assistant principal for the 1968-1969 school year. She served in that capacity until August of 1977, at which time she was elected principal of the Farnsworth elementary school. The plaintiff served as principal of the Farnsworth school continuously from the 1977-1978 school year through the 1981-1982 school year.

The school committee of Peabody (committee) maintained ten elementary schools during the 1981-1982 school year.

---

[2] General Laws c. 71, § 42, provides in relevant part: "In every . . . town [where] a teacher or superintendent [is] employed at discretion under section forty-one or a superintendent employed under a contract, for the duration of his contract, [he] shall not be dismissed, except for inefficiency, incapacity, conduct unbecoming a teacher or superintendent, insubordination or other good cause, nor unless at least thirty days, exclusive of customary vacation periods, prior to the meeting at which the vote is to be taken, he shall have been notified of such intended vote; nor unless, if he so requests, he shall have been furnished by the committee with a written charge or charges of the cause or causes for which his dismissal is proposed; nor unless, if he so requests, he has been given a hearing before the school committee which may be either public or private at the discretion of the school committee and at which he may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them; nor unless the charge or charges shall have been substantiated; nor unless, in the case of a teacher, the superintendent shall have given the committee his recommendations thereon. The change of marital status of a female teacher or superintendent shall not be considered cause for dismissal under this section. Neither this nor the preceding section shall affect the right of a committee to dismiss a teacher whenever an actual decrease in the number of pupils in the schools of the town renders such action advisable. In case a decrease in the number of pupils in the schools of a town renders advisable the dismissal of one or more teachers, a teacher who is serving at the discretion of a school committee under section forty-one shall not be dismissed if there is a teacher not serving at discretion whose position the teacher serving at discretion is qualified to fill."

[3] The plaintiff began her teaching career in 1947. She taught at the elementary level from 1947 to 1949 in Everett. In 1957, she was elected as a substitute teacher in the Peabody school district. She was elected as a permanent substitute in 1958 and held that position until she was elected to a regular teaching position in 1961.

Citing declining enrollment and budgetary considerations, the committee decided to reduce the number of operating elementary schools from ten to eight for the 1982-1983 school year. Farnsworth was one of the two elementary schools eliminated.

On August 10, 1982, the committee voted five to one to dismiss the plaintiff from her position as principal of the Farnsworth school.[4] The dismissal was effective at the conclusion of the 1981-1982 school year. The plaintiff filed this action in the Superior Court seeking review of the committee's decision (G. L. c. 71, § 43A), damages (G. L. c. 149, § 105A), and declaratory relief (G. L. c. 231A, §§ 1, 2). The committee and the city of Peabody were named as defendants. The case was referred to a master, who issued a report. The trial judge adopted the report subject to certain modifications and issued a memorandum of decision on June 20, 1984. The judge ruled that, as a tenured principal, the plaintiff was entitled to the same protection as a tenured teacher under G. L. c. 71, § 42. See *supra* n.2. The judge ordered the defendants to "restore the plaintiff to her position as elementary school principal with full back pay . . . [and] no loss of such rights [as] seniority, tenure or retirement."[5] Judgment entered in accordance with the judge's order on July 5, 1984. The defendants seasonably appealed to the Appeals Court. We transferred the case to this court on our own motion.

1. *Serving at discretion.* General Laws c. 71, § 41 (1984 ed.), provides that the school committee "in electing a teacher who has served . . . for the three previous school years shall employ him to serve at its discretion . . . ." Serving at discretion is serving under tenure. The purpose of this statute "is to provide some degree of protection for the tenure of teachers who have served a probationary term of three consecutive school years and who are continued in employment thereafter." *Frye* v. *School Comm. of Leicester,* 300 Mass. 537, 538-539

---

[4] Since we affirm the judgment of the trial court, we express no opinion on the plaintiff's right to a hearing in this case or her rights under the applicable collective bargaining agreements.

[5] The judge also ordered the defendants to pay attorney's fees in accordance with G. L. c. 71, § 43B.

(1938). We have traditionally recognized that "a principal is merely a teacher who is entrusted with special duties of direction or management." *McDevitt* v. *School Comm. of Malden,* 298 Mass. 213, 214 (1937). Thus, although G. L. c. 71, § 41, employs the term "teacher," the tenure statute has been applied to school principals. See, e.g., *McCartin* v. *School Comm. of Lowell,* 322 Mass. 624, 628 (1948) (high school principal serving at discretion under G. L. c. 71, § 41). See also *Doherty* v. *School Comm. of Boston,* 6 Mass. App. Ct. 805, 808 n.5 (1979).

In most instances, a teacher with tenure cannot be dismissed unless the procedural safeguards specified in G. L. c. 71, § 42, are followed. See *McDevitt, supra* at 214. Moreover, G. L. c. 71, § 42, provides that when "a decrease in the number of pupils in the schools . . . renders advisable the dismissal of one or more teachers, a teacher who is serving at the discretion of a school committee under section forty-one shall not be dismissed if there is a teacher not serving at discretion whose position the [tenured] teacher . . . is qualified to fill." The plaintiff was serving at discretion when she was dismissed. She held the position of principal for more than three consecutive years and was exempt from the certification requirement of G. L. c. 71, § 38G, because of her teaching experience prior to 1951. See St. 1951, c. 278, § 2. At the time she was dismissed, there were at least four elementary school principals in the Peabody system who had been employed as principals for more than three years, but who, as we shall indicate, were not tenured principals because they had been certified as principals under G. L. c. 71, § 38G, for less than three years. Three of these four principals were reelected for the 1982-1983 school year. Relying on our decision in *Luz* v. *School Comm. of Lowell,* 366 Mass. 845 (1974), the trial judge reasoned that, despite their years of service, these retained principals were not tenured since they had not served as principals for three consecutive years while certified. Applying G. L. c. 71, § 42, the trial judge then ruled that it was error to dismiss the plaintiff, a tenured principal, while retaining nontenured principals. We agree with the trial judge's ruling.

2. *G. L. c. 71, § 38G.* As we noted earlier, at least four elementary school principals who had served for more than three years as principals had been certified as principals for less than three years. General Laws c. 71, § 38G (1984 ed.), provides that "[n]o person shall be eligible for employment by a school committee as a teacher [or] principal . . . unless he has been granted by the board [of education] a certificate with respect to the type of position for which he seeks employment." *Id.*, twelfth par. The statute, under certain circumstances, permits a school committee to seek an exemption from the requirement that it employ certified personnel.[6] However, the statute specifically provides that, while this "waiver" is in effect, "service of an employee . . . shall not be counted as service in acquiring the status of serving at the discretion of a school committee under section forty-one." We confronted this portion of G. L. c. 71, § 38G, in *Luz, supra* at 845, where we held that the plaintiff, notwithstanding his years of service, was not on tenure since he was never certified and thus never legally employed as a teacher.

The trial judge was correct in relying on *Luz.* The principals who were retained were not legally eligible for employment as principals until they were granted a certificate for that position by the State board of education. See G. L. c. 71, § 38G. The time they served without certification cannot be credited as service in acquiring tenure. Since the plaintiff was exempt from the certification requirement, she was eligible for tenure

---

[6] General Laws c. 71, § 38G, twelfth par., provides in relevant part: "No person shall be eligible for employment by a school committee as a teacher, principal, . . . unless he has been granted by the [State board of education] a certificate with respect to the type of position for which he seeks employment; provided, however, that nothing herein shall be construed to prevent a school committee from prescribing additional qualifications; and provided further, that a school committee may upon its request be exempt by the board for any one school year from the requirement in this section to employ certified personnel when compliance therewith would in the opinion of the board constitute a great hardship in securing teachers for the schools of a town. During the time that such a waiver is in effect, service of an employee of a school committee to whom the waiver applies shall not be counted as service in acquiring the status of serving at the discretion of a school committee under section forty-one."

as a principal after completing three consecutive years of serv-
ice. See *Dimlich* v. *School Comm. of Andover,* 344 Mass.
643, 647 (1962) (tenure as principal achieved by consecutive
service for over three years). Accordingly, we must determine
what rights the plaintiff had as a tenured principal.

3. *Rights of tenured principal.* The defendants acknowledge
that the plaintiff could not be demoted in violation of G. L.
c. 71, § 42A (1984 ed.).[7] They argue, however, that under
G. L. c. 71, § 42, the plaintiff was not protected from dismissal.
This argument is based on the defendants' contention that there
is no distinction between the position of principal and that of
teacher for purposes of tenure under c. 71, § 42. The defend-
ants' argument is without merit.

As we indicated earlier, a principal has traditionally been
treated as a superior species of teacher. See *McCartin v. School
Comm. of Lowell,* 322 Mass. 624, 628 (1948). Prior to the
enactment of G. L. c. 71, § 42A (St. 1945, c. 330), the only
significant right of a tenured principal that was protected by
statute (and different from a teacher) was salary. See *McCartin,
supra* at 628 (salary of principal serving at discretion could
not be reduced to that of teacher in violation of G. L. c. 71,

---

[7] General Laws c. 71, § 42A, provides in relevant part: "No principal,
supervisor, assistant principal, or professional employee performing the
duties of a principal, supervisor, assistant principal, by whatever title his
position may be known, who has served in that position for over three years
shall without his consent be demoted except for inefficiency, incapacity,
unbecoming conduct, insubordination or other good cause; nor unless, at
least thirty days, exclusive of customary vacation periods, prior to the
meeting at which the vote is to be taken, he shall have been notified of
such intended vote; nor unless, if he so requests, he shall have been furnished
by the committee with a written charge or charges of the cause or causes
for which his demotion is proposed; nor unless, if he so requests, he has
been given a hearing before the school committee, which may be either
public or private at the discretion of the school committee, and at which
he may be represented by counsel, present evidence and call witnesses to
testify in his behalf and examine them; nor unless the charge or charges
shall have been substantiated; nor unless the superintendent shall have given
the committee his recommendations thereon.

"For the purpose of this section, a person shall be deemed to have been
demoted if his salary has been reduced contrary to the provisions of section
forty-three of this chapter or if he has been transferred without his consent
to a position wherein he no longer serves at discretion."

§ 43). Thus there were few instances where we were required to distinguish between principals and teachers for purposes of tenure. After the enactment of G. L. c. 71, § 42A, which granted additional rights to principals, we began to recognize this distinction more frequently in our opinions. See *Dimlich, supra* at 647; *Murphy* v. *Cambridge,* 342 Mass. 339, 341 (1961); *Kelley* v. *School Comm. of Watertown,* 330 Mass. 150, 152 (1953).

Nevertheless, we have consistently recognized that a tenured principal is protected from dismissal under G. L. c. 71, § 42. See *Downey* v. *School Comm. of Lowell,* 305 Mass. 329 (1940); *Sweeney* v. *School Comm. of Revere,* 249 Mass. 525 (1924). Accordingly, we reject the defendants' argument that a principal is protected against demotion but not dismissal. "[T]he whole scheme of legislation in recent years concerning the job security of professional employees in the public education area has been geared toward the expansion of procedural protections rather than to their limitation." *Glennon* v. *School Comm. of Boston,* 375 Mass. 757, 765 (1978).

*Judgment affirmed.*