DENNIS P. GLYNN, JR. *vs.* CLERK OF THE SUPERIOR COURT FOR CRIMINAL BUSINESS IN SUFFOLK COUNTY. February 16, 1989. *Public employment,* Sick leave benefits. *Due Process of Law,* Employment. *Constitutional Law,* Public employment.

The plaintiff Glynn appeals from a summary judgment for the defendant entered on order of a single justice of this court. We affirm the judgment.

In 1964, pursuant to G. L. c. 221, § 5, as amended through St. 1950, c. 324, the then clerk of Suffolk County Superior Court for Criminal Business appointed Glynn, who had been a court employee since 1956, to the position of assistant clerk. It is agreed, for the purposes of this case, that Glynn has tenure in his position as assistant clerk. Although the defendant has terminated Glynn's compensation, the defendant has not removed Glynn from his position as an assistant clerk.

The heart of Glynn's grievance is that he accumulated vacation and sick leave benefits from 1956 into 1969, at which time the defendant's predecessor implemented a policy purportedly limiting Glynn's accumulated sick leave benefits but allowing certain sick days to be "banked." At various times from 1976 to 1985, Glynn was absent from work due to illness. The defendant concluded in December, 1984, that Glynn, who was not then working, had exhausted all his sick leave and vacation days under the 1969 plan and that Glynn owed the Commonwealth 122 days. On January 16, 1985, acting pursuant to the personnel manual governing nonunion employees,

the defendant ordered that Glynn's salary be discontinued as long as Glynn continued to be absent from work. These facts are properly supported by affidavit based on the records maintained by the office of the clerk and Glynn does not refute them by affidavit or otherwise pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974). There is no material fact in dispute.

Glynn claims that he had a property interest in his accumulated benefits within the meaning of the due process clause of the Fourteenth Amendment to the United States Constitution that could not lawfully be taken away by the 1969 sick leave and vacation time policy established by the defendant's predecessor. The basic question is whether under the law of the Commonwealth Glynn had a protected property interest in his accumulated benefits. *Cleveland Bd. of Educ.* v. *Loudermill*, 470 U.S. 532, 538 (1985). *Regents of State Colleges* v. *Roth*, 408 U.S. 564, 577 (1972). *Martin* v. *School Comm. of Natick*, 393 Mass. 430, 434 (1984), cert. denied sub nom. *Martin* v. *Crain*, 471 U.S. 1077, *S.C.*, 395 Mass. 461 (1985).

No statute or contract grants Glynn a vested substantive right in the sick leave and vacation time benefits that he claims. The defendant's predecessor was authorized to regulate sick and vacation time as he did. Glynn's rights were at most an "expectancy." There was no enforceable guarantee of such future benefits that Glynn may have thought he had when the 1969 "banking" policy was adopted. See *McCarthy* v. *Sheriff of Suffolk County*, 366 Mass. 779, 782 (1975); *Foley* v. *Springfield*, 328 Mass. 59, 61 (1951). Compare *Opinion of the Justices*, 364 Mass. 847, 856-866 (1973) ("material expectations" arising from a contributory retirement plan). Glynn could not have had a reasonable expectation in the circumstances shown on the record that those future benefits were guaranteed. *McCarthy* v. *Sheriff of Suffolk County*, *supra* at 784. His job itself was not guaranteed. The fact that he has tenure makes no difference. See *Martin* v. *School Comm. of Natick*, *supra* at 434-435; *Milne* v. *School Comm. of Manchester*, 381 Mass. 581, 583 (1980); *McCarthy* v. *Sheriff of Suffolk County*, *supra* at 782.

Because Glynn had no protected property interest in his accumulated sick leave benefits, he was not entitled to notice and a hearing before his salary was terminated.

*Judgment affirmed.*

*Thomas F. Sullivan* for the plaintiff.
*Lisa A. Levy*, Assistant Attorney General, for the defendant.