Botsford, J.
This matter is presently before the court on the parties’ cross motions for summary judgment. At issue in the case is the validity of the plaintiff James C. Rourke’s termination from his position as a teacher in the Brookline Public Schools. Rourke alleges that the defendants, the Brookline Public Schools and Town of Brookline School Committee (referred to collectively as Brookline), violated G.L.c. 71, §§41 and 42 by terminating his employment without either proper notice and a hearing or his consent. He further alleges that Brookline is estopped from denying him the status of a tenured teacher. For the following reasons, Brookline’s motion for summary judgment is allowed, and Rourke’s cross motion is denied,
BACKGROUND
The summary judgment record reveals the following undisputed facts. In 1985, Rourke was hired by Brookline to teach English at Brookline High School. Rourke was properly certified to teach English. He taught for the entire 1985-1986 academic year and received a “good” performance evaluation. In 1987, during his second year of teaching English, Rourke received a poor performance evaluation which he chose to grieve pursuant to the collective bargaining agreement between the Brookline Public Schools and the Brookline Education Association.
Rourke’s grievance was settled by a written agreement dated March 26, 1987. Pursuant to this agreement, Rourke was to be reassigned to serve as a teacher of physical education, effective September 1, 1987. Physical education was outside Rourke’s certification area and, therefore, the agreement further stated that Rourke was expected to obtain proper certification as a teacher of physical education.
Although Brookline never requested the appropriate waiver from the Massachusetts Department of Education which would statutorily authorize it to have Rourke teach in an area for which he was not certified, Brookline hired Rourke to teach physical education in the 1987-1988 school year. In fact, Rourke taught physical education in the Brookline Public Schools from September 1987 through the end of the 1991-1992 academic year, but did not become certified to teach physical education until July 1991. Rourke was not evaluated by his department head during the 1988-1989 academic year.
On April 8, 1992, Rourke was notified that he would not be reappointed for the 1992-1993 academic year. He was not given notice of the proposed non-reappointment or an opportunity to contest it. Rourke then brought the present action.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a *502 matter of law. KourouvaciLis v. General Motors Corp., 410 Mass. 706, 716 (1991). See Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and where, as here, “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
1. General Laws c. 71. §§41 and 42
Rourke first argues that Brookline violated the provisions of G.L.C. 71, §§41 (§41) and 42 (§42) (1992 ed.)[1] when it notified him in April 1992 that he would not be reappointed the following year. Section 41 defines the manner in which a teacher acquires tenure, or in the word’s of the statute, becomes “a teacher serving at discretion.”[2] See Rantz v. School Comm of Peabody, 396 Mass. 383, 385 (1985) (the phrase, “serve at [the school committee’s] discretion” means teacher has achieved tenure). Section 42, in turn, provides that a teacher with tenure may not be dismissed except for good cause, nor unless the teacher receives a variety of procedural protections including 30 days’ notice and the right to a prior hearing. Rourke’s claim is that by the 1991-1992 school year, he had tenure as a teacher in the Brookline Schools, and therefore he was entitled to the protections of §42 before his employment could be terminated; in his view, Brookline no longer had the option, available with respect to nontenured teachers, of simply choosing not to reappoint him for the following year and so notifying him by April 15, 1992.[3] I disagree.
Section 41 states that “[ejvery school committee, in electing a teacher who has served for the three previous consecutive school years, shall employ him to serve at its discretion, exceptas provided in [G.L.c. 71, §38G]...” Section 38G provides that in order to be eligible for employment by a school committee as a teacher, a person must have been granted a certificate by the board of education with respect to the type of position for which the person seeks employment. The section further states that a school committee may hire an uncertified teacher for one year by applying to the board of education for a waiver, but “[d]uring the time that such a waiver is in effect, service of an employee of a school committee to whom the waiver applies shall not be counted as service in acquiring the status of serving at the discretion of a school committee under section forty-one.”[4]
In the present action, Rourke was not tenured at the time he was notified of his prospective termination in 1992, because he had not satisfied the requirements of §41. The undisputed facts show that Rourke served for two consecutive years as a certified English teacher, followed by four consecutive years as an uncertified physical education teacher and, finally, one year as a certified physical education teacher. As indicated above, §38G provides and has been consistently interpreted as providing, that time served in a particular position without certification for that position cannot be credited towards acquiring tenure. See Rantz, 396 Mass at 387 (principals who had consecutively served for over three years but had been certified as principals for less than three years were not tenured); Luz v. School Committee of Lowell 366 Mass. 845 (1974) (despite many years of service, uncertified teacher had no legitimate claim of entitlement to his position and thus, was not tenured or entitled to benefits of G.L.c. 71, §42). Accordingly, the four years Rourke taught physical education while uncertified do not count towards his achieving tenure. As a result, there simply was no consecutive three-year period in which Rourke taught while certified.
Rourke argues he should be allowed to add together those years he taught while certified — two in English and one in physical education — in order to achieve tenure. Section 41, read in conjunction with §38G, however, plainly prohibits such a step, since it requires in effect that a teacher serve for three consecutive years in an area in which he is certified. Furthermore, the Supreme Judicial Court has indicated that “tacking,” that is, adding together two separate certified teaching experiences, even in the same area, especially where there is a break in between the two periods of service, should not be allowed as it impairs the usefulness of the three consecutive year rule in determining whether a person is fit for the specific position. See Kelley v. School Committee of Watertown, 330 Mass. 150,153 (1953). In sum, Rourke may not achieve his three years of certified teaching by combining his certified teaching experience in different subject areas.[5]
Rourke’s further claim that he taught English for three consecutive years because he taught English in Brookline’s “Saturday Morning School” following his reassignment to the physical education department is also without merit. Intermittent and irregular service is not enough to achieve tenure. Nester v. School Committee of Fall River, 318 Mass. 538, 542 (1945).
I must reject as well Rourke’s additional arguments that he is entitled to tenure because the failures of Brookline (1) to evaluate him during the 1988-1989 school year and (2) to request a waiver from the board of education for his uncertified service. Rourke has not produced any evidence tending to show that the lack of evaluation in 1988-1989 had anything to do with the issue of tenure,[6] nor does Rourke cite any legal authority suggesting that such a failure entitles him to tenure, and none was found. Moreover, §38G indicates that in the absence of a waiver from the department of education, Rourke was not even entitled to be employed during the four years he taught physical education while uncertified. See Luz v. School Committee of Lowell, supra, 366 Mass, at 845. Therefore, as discussed previously, this time cannot count towards *503 achieving tenure. Accordingly, Brookline did not violate §§41 and 42 in notifying Rourke of his non-reappointment for the 1992-1993 school year.
2. Estoppel
Rourke asserts in the alternative that the doctrines of equitable estoppel and promissory estoppel both preclude Brookline from arguing that he was not tenured at the time of his termination. Rourke bases this argument on the 1987 grievance settlement agreement between the parties, as well as a 1988 memorandum to him from William Sheridan, the then acting superintendent of the Brookline Public Schools (the Sheridan memorandum).
“Estoppel is an equitable doctrine created to prevent one from benefitting from his own wrongdoing and to avoid injustice.” Harrington v. Fall River Housing Auth’y, 27 Mass.App.Ct. 301, 307 (1989). The elements which must be proven in order to invoke the doctrine of estoppel are:
(1.) A representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made. (2.) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made. (3.) Detriment to such person as a consequence of the act or omission.
Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 123 (1992) (citations omitted). See Celluci v. Sun Od Co., 2 Mass.App.Ct. 722, 728 (1974), affd, 368 Mass 811 (1975). It is also necessary that “(t]he reliance of the party seeking the benefit of estoppel... have been reasonable.” O’Blenes v. Zoning Board of Appeals of Lynn, 397 Mass. 555, 558 (1986). Equitable estoppel “differs from promissory estoppel primarily in that equitable estoppel permits recovery only where there has been reliance upon the misrepresentations of past or present facts whereas recovery may be had under the theory of promissory estoppel where reliance has been placed upon statements of future interest.” Loranger Const. Corp. v. E.F. Hauserman Co., 6 Mass.App.Ct. 152, 155, S.C., 376 Mass. 757 (1978).[7]
In the present action, neither the 1987 grievance settlement agreement nor the Sheridan memorandum contains any representation that Rourke was tenured or would be tenured in the future. The 1987 agreement merely recites that Rourke was to be reassigned to teach physical education and Rourke would be expected to obtain proper certification as a teacher of physical education; there is no mention of tenure. The Sheridan memorandum, dated September 16, 1987, addresses the progress Rourke had made as of that date regarding the achievement of teaching certification in physical education, and again, no reference to tenure appears. Merely allowing Rourke to continue teaching in the Brookline Schools and encouraging him to obtain proper certification cannot be reasonably interpreted as a promise of tenure in the context of a governing statute (§38G) which required certification as a prerequisite to hiring in the first instance.[8]
ORDER
For the foregoing reasons, it is ORDERED that the motion for summary judgment of the defendants Brookline Public Schools and the Town of Brookline School Committee is ALLOWED; and that the cross motion for summary judgment of the plaintiff James C. Rourke, Jr. is DENIED.

 Sections 41 and 42 have been substantially amended by St. 1993, c. 71, §§43 and 44, respectively. Since Rourke was not reappointed in 1992, the version of these statutory provisions in effect in 1992 applies here.

Section 41 provides in its first sentence as follows:
Evey school committee, in electing a teacher who has served in its public schools for the three previous consecutive school years, shall employ him to serve at its discretion, except as provided in [G.L.c. 71, §38G] . . .

See §41, first paragraph, second sentence, which provides as follows:
A teacher not serving at discretion shall be notified in writing on or before April Fifteenth whenever such person is not to be employed for the following school year. Unless said notice is given as herein provided, a teacher not serving at discretion shall be deemed to be appointed for the following school year.

See G.L.c. 71, §38G, ¶12, as amended through St. 1991, c. 151. For reasons explained above in note 1, the version of §38G in effect in 1992, and not as amended by St. 1993, c. 71, §41 and St. 1993, c. 495, §26, is the version applicable to this case.

Even if Rourke were allowed to “tack” together his three years of certified teaching, this would not be sufficient to establish his tenure. Automatic tenure is only achieved once the teacher is elected to serve for the academic year following his third consecutive year of certified teaching. See Brodie v. School Committee of Easton, 3 Mass.App.Ct. 141, 142 (1975)
. The school committee did not elect or hire Rourke to serve for the academic year following his third year of certified teaching, but affirmatively determined not to reappoint him.

Brookline has filed an affidavit of Christopher H. Martes which indicates the failure to perform an evaluation of Rourke during 1988-1989 resulted from the fact that there was no head of the physical education department in place to perform it. Whether or not this is a justifiable reason to forego an evaluation, it certainly is unrelated to tenure.

Although Massachusetts has accepted the theory of promissory estoppel, it has not recognized the doctrine by name. See Loranger Const Corp. v. E.F. Hauserman Co., 376 Mass. 757, 761 (1978).

Rourke also seeks to read an acknowledgement or promise of tenure into both Brookline’s failure to evaluate him in 1988-1989 and its failure to obtain a proper waiver for his teaching of physical education. There was nothing about these events — or non-events — that reasonably could be interpreted as a representation by Brookline regarding Rourke’s tenure status. Accordingly, these lapses by Brookline cannot now be grounds for estoppel.
Because I conclude there is no factual basis suggesting a claim of estoppel, I do not reach Brookline’s final argument that estoppel is not applicable to public entities such as the Brookline School committee or Town of Brookline. The argument has general merit, however. See, e.g., McAndrew v. School Committee of Cambridge, 20 Mass.App.Ct. 356,359-61 (1985).